UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SELINA KYLE,

                Plaintiffs,

    v.

DONALD D. LEWIS,

                Defendant.

Civil Action No. 20-cv-06142 (KPF)

---

**DECLARATION OF DONALD LEWIS IN SUPPORT OF
DEFENDANT'S MOTION TO DISQUALIFY WIGDOR LLP**

Donald Lewis, an attorney duly admitted to practice law before the Courts of the State of New York, affirms as follows:

1. I am the defendant in this action and a former partner at Pierce Beck Price & Hecht LLP ("Pierce Bainbridge"). I am fully and personally familiar with the facts and circumstances of the above-captioned matter.

2. I am an attorney licensed to practice law in the State of New York and the Defendant in this Action. I am also a Plaintiff in two New York State court actions filed against, among others, the Pierce Bainbridge firm.[1]

---

[1] Both New York State Court actions are titled *Lewis v. Pierce Bainbridge Beck Price & Hecht LLP, et al.*, the first action under Index No. 652931/2019 and the second action under Index No. 1556861/2019. I was also a defendant in an action filed by Pierce Bainbridge against me in Los Angeles, which like this Action, was filed solely to defame me. The Los Angeles action was titled Pierce Bainbridge Beck Price & Hecht LLP v. Donald Lewis, Case No. 19STCV16890, Superior Court of California, County of Los Angeles. The complaint was dismissed on jurisdictional grounds in December 2019. A sanctions motion was avoided on a procedural technicality. The complaint has falsehoods in virtually every paragraph.

3. I make this affirmation in support of Defendant's Motion to Disqualify Wigdor LLP (the "Motion"); and to put before the court true and correct copies of certain documents germane to the Motion.

4. I sought counsel from Wigdor partner David E. Gottlieb ("Gottlieb") eighteen months ago concerning my claims against Pierce Bainbridge which heavily involve Jane Doe's false allegations.[2]

5. I was unaware at the time that Wigdor LLP ("Wigdor"), Gottlieb and certain of his partners, including Lawrence Pearson ("Pearson") who signed the instant Complaint, were the type of individuals who would be accused of engaging in a "racketeering enterprise," "acts or threats of extortion," and who "criminal means to shake down targeted victims." Such are the allegations in a complaint filed against Wigdor, Gottlieb, Pearson and other Wigdor partner in the Eastern District of Texas on November 26, 2019.

6. Prior to filing the Complaint, Wigdor was advised verbally on at least two occasions, and once by letter with specific details, of their unavoidable conflict. Wigdor was also advised, among other items, that the redline draft complaint in Gottlieb's possession mentions "Doe" or "Jane Doe" 125 times.

7. Wigdor ignored all of this, sought to extort an exorbitant monetary payment from me, and then proceeded to file a grossly defamatory complaint. Exacerbating matters, Wigdor then republished the most heinous and graphic of the defamatory allegations in a series of Tweets

---

[2] Plaintiff is referred to as "Jane Doe" herein consistent with the direction of the Honorable Justice Andrea Masley, J.S.C. that Plaintiff be referred to as Jane Doe. Justice Masley's directive was entered seven months after I voluntarily used Jane Doe in related litigations filed in mid-2019. For additional background, I respectfully direct the Court to the Amended Verified Complaint I filed against Jane Doe in New York State Supreme Court on August 31, 2020; attached to this Declaration as Exhibit 1.

2

on Twitter the same day. The Texas "extortion" and "shakedown" allegations align with how Wigdor has behaved in this Action.

8. Wigdor's misconduct is particularly reprehensible given I had sought legal advice from Gottlieb and accordingly was owed a high duty of care; Wigdor not only showed me none, they went above and beyond to try to destroy my reputation, livelihood and career based on abject lies, revisionist history and extreme malice; while breaching my client confidences.

9. Wigdor's conduct has also resulted in a waste of judicial resources, as well as in the harassment of a Wigdor partner's former client, on top of the defamation and duty breaches.

10. Wigdor has no defenses to disqualification. I had an attorney-client relationship with Gottlieb, the confidences I shared are virtually identical to the matters at issue here, Wigdor is less than a 15-person firm and imputation is a given under the law.

11. Wigdor appears to have coordinated with Jane Doe, and the law firms that have compensated her for the last two years at Pierce Bainbridge and Hecht Partners to smear me.[3]

12. I was illegally expelled from Pierce Bainbridge on November 12, 2018 after I expressed concerns about financial misconduct.

13. I subsequently pursued litigation against Pierce Bainbridge and my former partners.

14. In connection with exploring my claims, I sought legal advice and counsel from Wigdor LLP; specifically, Wigdor partner David M. Gottlieb.

---

[3] As noted in the accompanying Memorandum of Law, certain of the information included herewith is just a sample of the indicia of coordination and lack of ethics at Pierce Bainbridge and Hecht Partners – both which have employed Jane Doe. It has been presented to provide the Court with a general sense of the environment at the law firms with which Wigdor appears to have coordinated in breaching Lewis's confidences. Lewis is prepared to share additional indicia should the Court so desire.

15. I fully understood and expected that I had an attorney-client relationship with Gottlieb, and that the confidences I shared would be kept in confidence as mandated by the ethical Rules of Professional Conduct and basic professional decency.

16. For example, the redlined draft of the complaint shared with Gottlieb contained a "Privileged and Confidential" notation in the subject line of the transmittal e-mail; and the draft complaint itself had a header stating "Attorney Work Product, Privileged and Confidential" on every page.  <u>The draft complaint referenced "Jane Doe" or "Doe" 125 times</u>.

17. In addition to my draft complaint, during the telephonic conversations I had with Wigdor partner Gottlieb, to the best of my recollection, we discussed, among other items:

- Jane Doe's checkered past, which included a transitional homeless shelter in Harlem, New York and a Covenant House in Newark, New Jersey.

- Jane Doe potentially having made false accusations of sexual misconduct against family members in her past.

- Jane Doe's odd-online history, and related inferences, including a Couchsurfing.com page which seeks sleeping quarters for the night and made representations Doe Jane "loves" "spreading joy" and wearing "deep pink lipstick."

- A Facebook posting in Jane Doe's name that suggests she was paid off to lie about me, which contained Jane Doe's middle initial.

- Jane Doe's deletion of several social media pages, notwithstanding preservations obligations, just days after I noted their credibility undermining nature to the Pierce Bainbridge partnership, I was illegally expelled hours later.

- Jane Doe's odd relationship with David L. Hecht ("Hecht"), including Jane Doe welling up in tears when others talked poorly of Hecht.

  (Hecht is an ex-Pierce Bainbridge name partner, earlier this year Hecht founded spin-off firm Hecht Partners LLP, which maintains close ties to Pierce Bainbridge, and where all six of the partners are ex-Pierce Bainbridge Partners.  Jane Doe came to Pierce Bainbridge as Hecht's "personal assistant" around the time or shortly after she was affiliated with the Covenant House and Couchsurfing.com. Jane Doe now works at Hecht Partners)

- My actively seeking a senior person to work over Jane Doe, and her access to emails concerning that search the day before Jane Doe's false allegations were made.

- Jane Doe having expressed concern about firm finances.

4

- My opinion that Pierce, Beck and others are likely to be the subject of a criminal investigation.

- Jane Doe's falsehoods about an alleged incident in the office in July 2018 that never happened, and major holes in a Yankee ticket delivery story from two weeks later, which cratered her already low credibility.

- Two attorneys at the firm calling Jane Doe a liar less than 24 hours before the false allegations were made.

18. For each of these items, we discussed strategies and confidences concerning, the substance of which has not been disclosed in this Declaration or the accompanying Motion.

19. While I appreciated Gottlieb's time and counsel, I ultimately pursued my claims with another law firm.

20. On June 12, 2020, I received by e-mail a defamatory threat letter signed by Wigdor partner Lawrence Pearson ("Pearson") which states, in part: "Putting a stop to this conduct by Mr. Lewis is as strong a motivator for our representation of [Jane Doe] as anything else." The purported "conduct" was Lewis allegedly "dragging [Jane Doe] into his food fight with Pierce Bainbridge in open court." Wigdor's subsequent conduct belies this purported objective.

21. Wigdor did not even consult with, or inform, Jane Doe's defense counsel in my six-month old affirmative claims against here prior to sending the June 12 defamatory threat letter. Jane Doe's defense counsel learned about the Wigdor missive from my counsel in that action.

22. On June 17, 2020, the counsel I chose to pursue my affirmative claims emailed a letter to Pearson which states, in part, that Wigdor had an "irreconcilable conflict . . . based on your partner Mr. David Gottlieb having had privileged verbal and written communications with our client, including a review of a redlined version of the draft of his complaint (transmitted by e-mail dated March 22, 2019, with the subject line "Privileged & Confidential," and with "Attorney Work Product, Privileged & Confidential" on every page), as well as a related discovery letter

5

about <u>Pierce Bainbridge's penchant for deleting and destroying documents, including, but not limited to, those related to Ms. Jane Doe</u>." (Emphasis added.)

23. The June 17, 2020 letter concluded: "there will be no monetary payment from Mr. Lewis to anyone involved in this weaponization of #MeToo and the exploitation of an abusive, disgusting, and ill-advised racial stereotype to defame and demonize an African-American attorney who has been an upstanding member of the bar for 20 years."

24. On June 24, 2020, Wigdor responded, cited no legal authority and stated: "[W]e do not see any conflict that would preclude our representation. No one working on this matter has received or reviewed any confidential information from Mr. Lewis, and David Gottlieb is in no way involved in our representation of Ms. Kyle."

25. In unsuccessfully attempting to undermine the claim that Jane Doe was paid off to lie about me, Wigdor stated in the firm's July 24, 2020 letter:

> "As you may be aware, Selina Kyle is also the 'real' name or alter ego of the popular DC Comics superhero Catwoman. There are dozens, if not hundreds or thousands, of social media accounts that share our client's name."

26. This ignores confidences I shared with Gottlieb; ignores Jane Doe's middle initial which makes the name far less common; and ignores the fact that this excuse is being peddled for the first time in two years. Further, it ignores that this social media page, like others, was deleted just days after I pointed out that Jane Doe's on-line activity undermined her credibility.

27. On July 14, 2020, there was a telephone call among the counsel I chose to pursue my affirmative claims, Wigdor, and Jane Doe's defense counsel. Wigdor attempted to extort an exorbitant monetary settlement. This was dismissed out of hand.

28. On July 27, 2020, the counsel I chose to pursue my affirmative claims sent Gottlieb and Pearson a letter which set forth facts and legal authority about Wigdor's unavoidable conflict, a copy of the letter is attached hereto as Exhibit 3.

29. Wigdor ignored that "Conflict Letter" and filed the instant Complaint.

30. The same day the Complaint was filed, Wigdor posted a series of defamatory tweets republishing the most heinous and graphic lies in the Complaint.

31. Coverage of the defamatory Complaint appeared in LAW360, New York Law Journal, ABA Journal, and several other sources which have never previously covered Pierce Bainbridge issues.

32. Following Wigdor's lead, and apparently in a coordinated effort to smear Lewis, on September 1, 2020, an outside law firm that represents Hecht Partners tried to coerce a media outlet into covering the Complaint in connection with threatening a baseless lawsuit.

33. In addition, Pierce Bainbridge founder John M. Pierce, whose firm is a sham defendant in this action, sought to amplify the circulation of the defamatory Complaint as well. (See Memorandum of Law at p. __)

34. An individual purporting to be David Hecht's lawyer, Mitchell Schuster (Schuster) of Meister Seelig & Fine LLP, purporting to be David L. Hecht's attorney, baselessly attacked me in the New York Law Journal coverage of Lewis's Verified Amended Complaint against Jane Doe.

35. I have never spoken to Schuster, never met Schuster and Schuster has not appeared in any of my lawsuits with Pierce Bainbridge or Jane Doe.

36. Pierce Bainbridge and its current and former employees have hired nearly ten law firms related to issues surrounding my disputes with my former employer: (1) Putney Twombly Hall & Hirson LLP, (2) Littler Mendelson P.C., (3) Mukasey Frenchman & Sklaroff LLP, (4) Cohen

Seglias Pallas Greenhall & Furman PC, (5) Meister Seelig & Fine LLP, (6) Chapman Tripp (New Zealand), (7) Tweed (Ireland & Dublin), and (8) Wigdor LLP; in addition to the earlier noted dismissed lawsuit filed *pro se* by Pierce Bainbridge Beck Price & Hecht filed against Lewis in Los Angeles.

37. Jane Doe has now been weaponized three times against me. Jane Doe was employed at Pierce Bainbridge for around two years and made the instant Complaint just weeks after joining Hecht Partners.

38. I did not engage in the misconduct of which I am accused by Jane Doe. It is an abject lie, made up of whole cloth, a complete fabrication.

39. Jane Doe, a paralegal, who prior to commencing employment at Pierce Bainbridge, was affiliated with a homeless shelter, a Covenant House, and seeking sleeping quarters for the night, has now retained a law firm to defend against Lewis's affirmative claims, and separately retained Wigdor, to file a lawsuit with zero chance of monetary recovery.

40. The inescapable conclusion is that Jane Doe is not working alone.

41. Pierce Bainbridge Beck Price & Hecht LLP is a sham defendant in this action.

42. I never had any authority over Jane Doe's work status. Documents and sworn testimony will evidence this, testimony from those who do not have a financial and reputational interest in being dishonest. Wigdor could have deduced the same with even the slightest modicum of diligence.

43. Furthermore, both of my ongoing state court litigations against Pierce Bainbridge and my former partners hinge heavily on Jane Doe's lies; hence the massive financial and reputational stake they have in coordinating efforts to railroad me, as it appears they have done with Wigdor.

44. Hecht Partners LLP – the law firm Jane Doe joined from Pierce Bainbridge just weeks before filing this lawsuit has six partners – all of them were partners at Pierce Bainbridge, two were name-partners, four are defendants in my affirmative litigation.

45. Outside counsel for Hecht Partners claimed in late May 2020 that Pierce Bainbridge and Hecht Partners were "entirely separate firms" in threatening baseless legal action against another entity. This representation is belied by Hecht Partners founder David L. Hecht appearing on signature blocks for both Pierce Bainbridge and Hecht Partners in May, June and July, as well as Hecht's LinkedIn, as late as July 9, 2020, stating he was "Counsel" for Pierce Bainbridge.

46. Pierce Bainbridge is a severely corrupt law firm. The following are certain troubling issues related to the firm:

- named as a defendant in nearly 10 lawsuits third parties in 2020 alone,

- reported $70 million debt, $65 million to litigation funder Virage Capital Management,

- tens of millions of dollars flowed through the firm; attorneys left en masse -- from around 70 attorneys in September 2019 to around 5 in June 2020;

- vendors were unpaid; three have initiated lawsuits since within the last 45 days, two say they were stiffed on invoices in the thousands of dollars dating back to November 2018);

- cash advance lenders were ignored and unpaid; four have initiated lawsuits against Pierce Bainbridge in 2020;

- Pierce Bainbridge improperly pledged the same collateral at least five times in exchange for tens of millions in cash, much of which remains unpaid.

47. This bullet point list is just the tip of the iceberg. There is a lot more. Pierce Bainbridge is likely one of the most, if not most, corrupt law firms in the country. This is reflected in the articles attached to my declaration; and comports with the strong suggestion that Wigdor

has coordinated with the unethical law firm to railroad me, a former client, based on lies and revisionist history.

48. Former name-partners at Pierce Bainbridge's track records on honesty are poor; their credibility is low.

- David Hecht has been accused of lying to a federal court by an ex-Pierce Bainbridge associate.

- Hecht was found by United States District Court Judge Alvin K. Hellerstein to have acted "inconsistent" with Rule of Professional Conduct 8.4 governing attorney "dishonesty and misrepresentation."

- Firm founder John Pierce perjured himself in a dismissed matter against me in Los Angeles; and has lied publicly about the firm and other issues dozens and dozens of times; even recently changing his "total fake news" mantra to "most of the reports are 97% fake news."

- Two ex-firm partners Christopher N. LaVigne (Withers Bergman LLP / Withersworldwide) and Denver G. Edwards (Bradford Edwards & Varlack) lied under oath to smear me and try to keep my May 2019 allegations about the firm, which included an allegation that the firm was "robbing Peter to pay Paul" under wraps.

- Former Pierce Bainbridge General Counsel Carolynn K. Beck has been accused -- based primarily on the sworn affidavit of a different Pierce Bainbridge ex-associate than the one who accused Hecht of lying to a federal court -- of spearheading a fraud on the court and suborning perjury in both of my affirmative litigations in New York State Court.[4]

49. A former long-time Pierce Bainbridge attorney, at the firm long after I was illegally expelled, a third attorney, that is, not either one of the ex-attorneys mentioned above, has penned illuminating commentary about Jane Doe, John Pierce, David Hecht and Carolynn Beck. It includes:

- "I think there's a reasonable chance that there will be a criminal investigation against found John [Pierce]. But who also knew, was complicit, and covered up these things: I think . . . David Hecht, Carolynn Beck."

---

[4] The pending motion relies heavily on a sworn affidavit of an ex-Pierce Bainbridge associate. I also submitted a sworn affidavit in support of the Motion. While Pierce Bainbridge responded, Beck did not submit an affidavit denying the accusations.

- "[W]hen the firm was experiencing one crisis after another, I Hecht to be pretty despicable as a person."

- "[Y]ou really need to consider just how credible the accuser was to begin with, and this whole weird secret life before she assumed her identity, together with a closeness to Hecht—who has no ethical backbone, and Hecht's willingness to do anything John wanted because he pitifully believed this [Pierce Bainbridge] would become something, and all of a sudden this whole case is [messed up] and someone [Lewis] might have been really wronged here. Truly irreparably wronged."

- "[I]t was also hard to believe (and concededly more convenient) that she would completely make this up and even if you could believe that, that [David] Hecht and John [Pierce] designed this whole plan to screw you over. But the more the evidence has come in the more I smell something rotten in Denmark."

50.    Mark Mukasey of Mukasey Frenchman & Sklaroff filed to withdraw as counsel for Pierce Bainbridge and the individual defendants in my lawsuits citing Rules of Professional Conduct covering, among other items, ethical and payment concerns with continued representation. Ed Altabet of Cohen Seglias replaced Mukasey as counsel for the firm.

51.    When Hecht was accused of lying to the federal court, while he was with Hecht Partners, Altabet, who is counsel for Pierce Bainbridge in this Action, and counsel for Pierce Bainbridge in my lawsuits, was accused on engaging in related "intimidation" to keep the ex-Pierce Bainbridge associate from coming forward to correct the record.

52.    A Houston-based litigation funder named Virage Capital Management, is reportedly owed an estimated $65 million after funding Pierce Bainbridge for approximately one-year. Virage said in June 2020 that Pierce Bainbridge defaulted on the debt but has not sued the firm. (See Exhibit 5 attached hereto.)

53.    Instead, Virage appears to have funded spin-off firm Hecht Partners, is reportedly paying Pierce Bainbridge's legal bills in my two pending litigations against the firm (after prior counsel, as noted, withdrew citing, among other reasons, concerns with ethics and payment) and

11

Virage Capital may be providing the financial fuel for this latest smear campaign. Indeed, Altabet reportedly said he believed he could convince Virage Capital to pay legal fees for additional lawyers.

54. In addition, Virage has not sued Pierce Bainbridge or any of the firm's partners, and Virage appears to have funded Hecht Partners, where Jane Doe became employed just weeks before the filing of this action.

55. Wigdor's apparent coordination with the dishonest and corrupt current and former Pierce Bainbridge partners here, aligns more so with the "racketeering," "extortion", "shakedown" allegations against Wigdor, Gottlieb and Pearson in Texas than it does with the ethical practice of law.

56. Wigdor has violated my confidences. Wigdor has violated its duties to me, and Gottlieb, Pearson and the Wigdor firm, apparently in coordination with Pierce Bainbridge and Hecht Partners, have behaved in an "extortionate" and "shakedown" like manner in violation of the Rules of Professional Conduct.

57. Wigdor should be disqualified and I respectfully request the Court grant whatever additional relief may be just and proper.

## **DOCUMENTS PROVIDED IN SUPPORT OF THIS MOTION**

58. I declare that each of the screenshots and images included in the Memorandum of Law in support of the Motion are true and correct copies of the same.

59. Attached as Exhibit 1 is a true and correct copy Amended Verified Complaint, I filed in Lewis v Doe, Index No: 650644/2020, pending in the New York State Supreme Court, County of New York.

60. Attached as Exhibit 2 is a true and correct pdf of the "Wigdor Team" as represented on the firm's webpage, as of September 21, 2020.

61. Attached as Exhibit 3 is a true and correct copy of the "Conflict Letter" my counsel in related actions sent to Wigdor on July 27, 2020.

62. Attached as Exhibit 4 is a true and correct copy of Amended Complaint filed in the United States District Court Eastern District of Texas (Sherman Division) against Wigdor LLP, David E. Gottlieb, Lawrence M. Pearson and others on November 26, 2010.

63. Attached as Exhibit 5 is a true and correct copy of an article titled "*Pierce Bainbridge Funder Says Firm Defaulted on Debt*", LAW360, by Ryan Boysen on June 1, 2020.

64. Attached as Exhibit 6 is a true and correct copy of an article titled "*Musical Law Firms? A Curious Debt-Tune Played by the Lawyer for Kyle Rittenhouse*" - Medium.com, by Don Lewis on September 7, 2020.

65. Attached as Exhibit 7 is a true and correct copy of an article titled "Did the Temperament of the Lawyer for Kyle Rittenhouse Taint Operations at Pierce Bainbridge? - Medium.com, by Don Lewis September 9, 2020.

66. Attached as Exhibit 8 is a true and correct copy of a hearing transcript in *Earl v. Boeing*, Civ Action 4:19-cv-00507, United States District Court, Eastern District of Texas, Sherman Division from May 13, 2020.

67. Attached as Exhibit 9 is a true and correct copy of an article titled "Pierce Bainbridge Acting Head, 3 Name Partners Resign" - LAW360, by Ryan Boysen, April 9, 2020.

68. Attached as Exhibit 10 is a true and correct copy of an article titled: "*Pierce Bainbridge Breakup Sparks Rift in Boeing Class Suit*" - LAW360, by Linda Chiem, June 11, 2020.

69. Attached as Exhibit 10 is a true and correct copy of the April 2019 decision where United States District Court Judge for the Southern District of New York, Alvin K. Hellerstein found David L. Hecht to have acted "inconsistent" with the Rule 8.4 ("dishonesty and misrepresentation") of the Rules of Professional Conduct.

70. Attached as Exhibit 11 is a true and correct copy of David L. Hecht's LinkedIn post, with an accompanying comment by a seasoned Los Angeles attorney, in which Hecht boasts about the decision of District Court Judge Hellerstein referenced directly above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2020.

*Donald Lewis*
Donald D. Lewis