**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Lawrence M. Pearson**
lpearson@wigdorlaw.com

September 25, 2020

<u>**VIA ECF AND EMAIL**</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Kyle v. Donald D. Lewis, et al.; No. 20-cv-06142 (KPF)</u>

Dear Judge Failla:

We represent Plaintiff and write pursuant to the Your Honor's Individual Rules §2(C) to seek an order sealing Defendant Donald D. Lewis's ("Mr. Lewis" or "Defendant Lewis") Motion to Disqualify. *See* Dkt. Nos. 14 and 15. The material and documents sought for sealing and redaction contain Plaintiff's confidential information and/or include assertions regarding Plaintiff that bear no relation to the motion. Defendant Lewis, as he has done in numerous state court complaints and in the media, has asserted numerous inflammatory allegations and falsehoods in his Motion to Disqualify and has gratuitously included certain highly sensitive personal information about Plaintiff in a transparent attempt to harass and intimidate Plaintiff and distract the Court. For all these reasons, we respectfully request that the Court seal Dkt. Nos. 14 and 15 in their entirety and/or at a minimum that the portions of Section VII of the Memorandum of Law from pages 13 through 16 be redacted and sealed, along with all associated exhibits and Declaration paragraphs.

Plaintiff's Complaint specifically alleges that: "In fact, Ms. Kyle had legally changed her name years before in order to protect her identity and escape an abusive arranged marriage. Mr. Lewis has, as described, used that information to threaten and pressure Ms. Kyle. Mr. Lewis's threats, which have no place in a complaint, were clear retaliatory conduct designed to instill fear in Ms. Kyle and discourage her from ever taking any action or testifying against Mr. Lewis." Dkt. 1 at ¶¶ 82-83. In this Motion to Disqualify, Defendant Lewis engages in further such retaliation and intimidation by gratuitously including this information, which he knows would endanger and humiliate Ms. Kyle. The vast array of irrelevant information in Mr. Lewis's conspiracy-mongering submission includes Ms. Kyle's birth name, which she had changed due to danger to her physical safety, and Mr. Lewis has attempted, without basis (often admitting that he is engaging in outright speculation) to smear Plaintiff and Wigdor LLP. *See* Dkt. 14 p. 13-16, Section VII; Dkt. 15 ¶¶ 17, 39.

Although the public generally has a right to access judicial records, a party may overcome this presumption by demonstrating competing considerations, including "the privacy interests of those



The Honorable Katherine Polk Failla
September 25, 2020
Page 2

resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). If the documents in question are "judicial documents," the court must determine whether the party moving to seal has demonstrated that the presumption of access is overcome by the need to protect "higher values." *Id.* Among the factors that courts consider in evaluating the privacy interest of those opposing disclosure are: (1) "the degree to which the subject matter is traditionally considered private rather than public," and (2) "the nature and degree of the injury" that will be caused by revealing the information, which may include determining "whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Here, each of the relevant factors weigh in favor of sealing the entirety (particularly in the interests of expeditiousness) or portions of Defendant's Motion to Disqualify.

First, Plaintiff's birth name is not at issue or relevant to the current application or the case in general. Ms. Kyle changed her name to escape an abusive relationship, and now her name is being used to once again put her in danger. This is revolting and unacceptable. In addition, there is no cogent reason to include details from various social media accounts in a motion to disqualify her counsel. *See* Dkt. 14 p. 13-16, Section VII. The blatant falsehoods, personal information and baseless speculation and accusations that make up much of Mr. Lewis's motion also do not relate to Plaintiff's legal causes of action against Defendant Lewis. Accordingly, the confidential and proprietary information gratuitously disclosed by Defendant Lewis and his defamatory and disparaging comments regarding Ms. Kyle, Wigdor LLP and even his co-Defendant Pierce Bainbridge are completely unnecessary for him to support his arguments or even present defenses to Ms. Kyle's claims (which, again, are not the subject of his motion).

The offending assertions and disclosed information fall so far outside the bounds of the subject of the motion that it appears obvious that the only plausible motivation for Defendant Lewis to have included them is to engage in harassment and intimidation and generate negative publicity and reputational injury. As stated above, serious harm absolutely is the possible result of disclosing Ms. Kyle's previous name, and such harm, once cause, cannot be remedied.

In light of the foregoing and because the specified allegations in the Motion to Disqualify are wholly irrelevant to the purpose of the motion and are transparently harassing in nature, the Court should seal the Motion to Disqualify. At a minimum, Defendant Lewis should be required to file a replacement Motion that uses pseudonyms and/or redactions to prevent the unnecessary disclosure of Ms. Kyle's birth name and photograph. *See, e.g., McLaughlin v. Macquarie Capital (USA) Inc. et al.,* No. 1:17-cv-09023-RA, Dkt No. 76 (S.D.N.Y. July 16, 2020) (granting parties' request to redact court documents containing identities of non-parties and salacious and harmful allegations regarding defendant and its employees).

Because these interests outweigh any right of public access to Defendant's Motion to Disqualify, we respectfully request that the Court seal Defendant's Motion to Disqualify and its accompanying documents (Dkt. Nos. 14 and 15), or, at a minimum, seal (and/or strike, as Plaintiff will be moving to do shortly in our opposition to the instant motion) those portions of the currently-filed Motion



The Honorable Katherine Polk Failla<br>
September 25, 2020<br>
Page 3

that concern Ms. Kyle personally and order Defendant Lewis to file a replacement motion that removes Plaintiff's birth name, photograph and all other personal details or material.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Lawrence M. Pearson