September 28, 2020

Donald D. Lewis
Pro Se
87 Kings Point Road
Great Neck, NY 11024
516-441-2595
Donlewisdl87@gmail.com

VIA ECF AND EMAIL (Pro Se Intake)
The Honorable Katherine Polk Failla
United States District Court Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Kyle v. Donald D. Lewis, et al.; No. 20-cv-06142 (KPF)</u>

Dear Judge Failla:

I write in response to the letter motion filed by Wigdor on September 25, 2020 (Dkt #15). The letter motion should be denied for three reasons: (i) Wigdor is responsible for propelling their client's name into the public domain; (ii) the information at issue is not "proprietary and confidential;" it consists of public social media pages that Jane Doe penned herself; and (iii) Wigdor cites no substantive supporting authority, other than one case with no citation, hampering Lewis's ability to review and distinguish the case. Additional detail is below.

### WIGDOR LET THE CAT OUT OF THE BAG

As set forth in the Lewis Disqualification Memo of Law (Dkt #14), Wigdor put its client's name into the public domain and then immediately took affirmative steps to make a public spectacle of this matter. In short, Wigdor made its client's name public to wield a sword to smear Lewis, and now Wigdor wants to use its client's name as a shield. Wigdor cannot have it both ways.

**Issue #1 – Wigdor Makes Jane Doe's Name Public**

As there is lots of relevant history, below is a brief timeline for the Court.

<u>May 16, 2019</u> – Lewis files a complaint against his former Pierce Bainbridge partners, Lewis does not name "Jane Doe" as a defendant, voluntarily uses "Jane Doe" and says he intends to keep Jane Doe out of the disputes and focus on the lawyers involved in the wrongful actions against him. For over a year thereafter, "Jane Doe" is used in three lawsuits and Lewis meticulously redacts documents when necessary.

<u>January 2, 2020</u>. With "Jane Doe" being used voluntarily by Lewis since May 2019, Jane Doe publicly files a non-party affidavit which asks that she be referred to as "Jane Doe" (which is already the status quo) and, Jane Doe, also asks that certain materials unrelated to Jane Doe remain under seal. In her publicly filed non-party affidavit, Jane Doe includes additional identifying information not previously disclosed, and requests that sealed affidavits with lies prepared by ex-Pierce Bainbridge partners remain sealed in their entirety. This last part, doing the bidding of the Pierce Bainbridge partners who lied under oath, raised immediate red flags.

At the time, Lewis noted the suspicious timing of Jane Doe's affidavit and oddity of the request. Not only was she requesting something that was already being done, but given the long-standing status quo, but also sought to help out the two partners. Furthermore, if that unnecessary filing was truly just about her name, and not to defame Lewis, Jane Doe's counsel could have simply called Lewis and requested we stipulate to making the "Jane Doe" status quo a formal order.[1]

January 27, 2020 – Lewis sues Jane Doe in state court in New York based on the impertinent and defamatory public non-party affidavit. Lewis does so quietly, continues to use "Jane Doe," and there is no media coverage of his complaint.

June / July 2020. Some six months later, with "Jane Doe" having been used for over a year, and hundreds of filings on the state court dockets, Wigdor threatens Lewis with a federal complaint in Jane Doe's real name. Wigdor is advised of the state court order that "Jane Doe" should be used, not her real name. Wigdor ignores the state court order, continues to use Jane Doe's real name, attempts to extort an exorbitant monetary sum from Lewis, and ignores Lewis written communication clearly laying out Wigdor's unavoidable conflict.

August 6, 2020 Wigdor files the instant complaint in Jane Doe's current name, and **Wigdor immediately amplifies the public exposure** by making a series of posts on Twitter, certain of them direct statements from Lawrence Pearson himself – the Wigdor partner who submitted the instant letter motion. Wigdor further amplified the issue by featuring the same tweets, as well as articles related to Jane Doe's complaint, on the Wigdor website. Those postings have remained up for weeks; they link to articles with Jane Doe's name, they prominently display Lewis's photos and falsely brand him guilty of sexual assault.

To be clear, Wigdor exposed Jane Doe's name in filing the lawsuit, and then Wigdor launched the lawsuit and Jane Doe's name out to the world, and Wigdor is maintaining and easy manner for the public to easily access those articles.

**Issue #2 – The Public & Non-Confidential Nature of Information**

The Wigdor letter claims the Jane Doe information at issue is "proprietary and confidential." This is not true. The information includes public social media postings, made by Jane Doe herself, which include both of Jane Doe's names. Certain of these social media pages were deleted in November 2018, just days after Lewis noted that they undermined Jane Doe's credibility, which was also just days after he was illegally expelled from the partnership, and after the parties had mutually communicated preservation obligations.

These pages were specifically discussed when Lewis consulted with Gottlieb and are germane to Lewis DQ motion. They undermine Jane Doe's credibility and suggest malfeasance by Wigdor in violating Lewis' confidences. Indeed, one of the pages suggested Jane Doe was paid off to lie about Lewis; Wigdor was dishonest about this page leading up their filing; it was a lever they pulled to try to extort Lewis, who had established a client-attorney relationship with Wigdor partner Gottlieb.

In addition, Pierce Bainbridge claimed that Lewis exposed both of Jane Doe's names to his partners in an e-mail sent on November 12, 2018 and put Jane Doe at risk, However, the social media pages were publicly available on November 12, 2018 and referenced both of Jane Doe's names; they were deleted days

---

[1] Wigdor will refer to this type of logic (or dot connecting) as "conspiracy mongering," Marc Mukasey did the same for months in Lewis action against Pierce Bainbridge. Mukasey eventually quit as counsel citing ethical concerns with continued representation. It is a formulaic routine, flood the zone with half-truths, dishonesty, some outright lies, call the Lewis names, never cite citing to an actual supporting document, text, e-mail just make noise and insults.)

2

thereafter. This falsehood was used to smear Lewis in a May 16, 2019 (since dismissed) complaint, which Pierce Bainbridge filed, and immediately provided to the press.[2] <u>Wigdor has literally recycled the same smear tactic</u>.

Indeed, in a *Law360* article this past Friday, Wigdor accused Lewis publicly of a "calculated move to make Jane Doe fear for her safety." This is not true, but it comports with the Wigdor smear campaign of falsely depicting the big bad black guy terrorizing their client.

Jane Doe has now been caught in a series of falsehoods, has systematically deleted evidence, and is supported by a remarkably corrupt group of lawyers from Pierce Bainbridge and Hecht Partners who have a substantial financial and reputational stake in this action.

Further, the same screen shots (with which Wigdor purports to take issue) have been filed in redacted form or referenced several times in the related actions. There is no basis under which Wigdor should not have been aware that the materials, screenshots of public social media pages penned by Jane Doe would not come into play. This reality is particularly strong, given that these pages, discussed during Lewis's consultation with Gottlieb, are mentioned in the redline complaint Gottlieb received (<u>which mentions Jane Doe 125 times</u>), bear on Jane Doe's credibility and are related to Lewis's arguments for disqualification.

**Issue # 3 - Absence of Any Substantive Supporting Authority**

Wigdor also cites only one purported supporting case, yet fails to include a citation, hindering pro se defendant's ability to review and distinguish the case.

**Conclusion**

Wigdor turbo charged the public nature of this dispute. Wigdor disclosed their client's name. Wigdor then immediately posted about the complaint with their client's name on Twitter. Wigdor then linked to articles about the complaint on their website, which links remain up today. Wigdor's abuse of the litigation privilege, and smearing of Lewis (their former client) at every turn, appears consistent with the allegations by another party against David E. Gottlieb, Lawrence M. Pearson and Wigdor of "extortion," "shakedown" and "racketeering" activity by another party. (Dkt. 15, Exhibit 4, ¶¶ 10, 13).

At bottom, it was Wigdor – and Wigdor only – who let the cat out of the bag. Wigdor's attempt to shift blame to Lewis is upside down; it is a distortion of facts. Wigdor let the cat of the bag, and the letter motion should be denied.

Lewis respectfully requests that if there is any ambiguity concerning this letter, the Court hold a brief telephone conference where Lewis can elaborate.

I thank the Court for your time and attention.

Respectfully submitted,

*Donald Lewis*
_____
Donald Lewis

---

[2] This was on May 16, 2019. This Pierce Bainbridge complaint was used to launch a smear campaign against Lewis; it included excessive and irrelevant details about Jane Doe. There are documented falsehoods in virtually every paragraph. Jane Doe took no issue, at the time, with Pierce Bainbridge disclosing purported intimate details about her, which had nothing to do with their claims, and were included solely and exclusively to defame Lewis.