Donald D. Lewis, *Pro Se Defendant*
87 Kings Point Road
Great Neck, NY 11024
(516) 441-2595
DonlewisDL87@gmail.com

December 14, 2020

VIA ECF
The Honorable Katherine Polk Failla
United States District Court,
  Southern District of New York
40 Foley Square
New York, NY 10007

Re: **Kyle v. Lewis, *et al*.; No. 20-cv-06142 (KPF)**

Dear Judge Failla:

I am the *pro se* Defendant in the above-referenced matter. Pursuant to the Court's November 12, 2020 Order, I respectfully request a pre-motion conference regarding my anticipated motion to dismiss the Complaint.

**INTRODUCTION**

The unverified Complaint is this action rests on a series of fabrications designed to extort an exorbitant settlement out of me and discredit my exposing potentially criminal misconduct by lawyers who have compensated, and continue to compensate, Plaintiff throughout it all. It is the continuation of a two-year long smear campaign buoyed by abusing the judicial system and attempting to hide behind the litigation privilege. This meritless defamatory complaint has been pushed publicly by Wigdor, Pierce Bainbridge and Hecht Partners.[1]

Even assuming the unverified allegations are true – which they are not – the Complaint is fatally flawed and must by dismissed. The most glaring failings are clear with respect to Plaintiff's discrimination and retaliation claims: (i) Defendant was not Plaintiff's "employer" and (ii) no adverse employment action is alleged. I was banished from the firm as soon as I engaged in the protected activity of exposing financial misconduct and demanding that it stop. Plaintiff continued to work at the firm and acknowledges that she, in fact received a promotion. With respect to the other claims, no defamation occurred. All of the identified statements allegedly supporting this claim are protected by the absolute litigation privilege. In addition, no cognizable damages are alleged. Accordingly, the Complaint should be dismissed in its entirety.

---

[1] In addition, Pierce Bainbridge – a firm that (in the last few months) has been the subject of two default judgment requests and a New York State Court filing to confirm a $3.5 million arbitration award after the firm defaulted by failing to appear at the hearing – rather than moving to dismiss the facially deficient Complaint, filed an Answer with demonstrably false statements, which essentially "Admits" every allegation for which the firm purports to have knowledge.

SUMMARY OF RELEVANT ALLEGATIONS & BASIS FOR DISMISSAL

Plaintiff and Defendant began working at Pierce Bainbridge in 2018. Plaintiff falsely claims an incident - without any support or corroboration, much less any eyewitnesses - took place weeks after Defendant was hired, in July of 2019.  Plaintiff alleges she kept this non-event to herself until October 2019. Plaintiff alleges she then (1) reported the non-event four months after the fact, (2) Defendant was placed on administrative leave, (3) her report was investigated, and (4) Defendant was terminated in the midst of the investigation.  Accordingly, the Complaint seeks to have Defendant punished twice for conduct in which he did not even engage.

The Complaint fails to allege any adverse employment action, rather, it actually alleges positive, not adverse, actions: that Plaintiff was "promoted," "survived multiple reductions in work force," and "multiple partners said . . . she was doing an amazing job." (Cmplt ¶¶ 19, 76, 77).

Furthermore, the Complaint is replete with complained-of conduct that was undertaken *after* Plaintiff was illegally terminated. The attempt to sue a private citizen, already terminated after false allegations, under "employer" statutes is both legally deficient and in poor faith.

Plaintiff also relies on post-employment conduct to assert a defamation claim.  Yet the only four identified factual statements are true, all mirror court pleadings as they pertain to Plaintiff and, in one, instance, the Complaint pulls a passage from a reporter quoting from a Complaint filed by Defendant, and incredibly claims the quotation constitutes a defamatory statement attributable to Defendant.  (Cmplt. ¶¶ 85, 86.)

The Complaint is replete with buzzwords and catchphrases, but upon scrutiny none of it actually support the causes of action. Wigdor is sophisticated counsel and Rule 11 sanctions are warranted, which Defendant intends to address at the appropriate time.

LEGAL DEFICIENCIES

The Complaint alleges causes of action for discrimination and retaliation under Human Rights Law statutes ("HRL"), along with aiding and abetting the same, as well as for defamation.

The "Employer" Designation Fails.  As an initial matter, Defendant was not Plaintiff's "employer."  He was not her supervisor, as alleged in her own sworn affidavit in New York, nor did he have the ability to hire and fire the Plaintiff, which is supported by irrefutable documentary evidence.  Furthermore, much of the complained-of conduct was after Defendant was illegally expelled, and it is unquestionable that he cannot reasonably be held to have been Plaintiff's "employer" when he had already been banished from the firm.

Discrimination. To plead actionable discrimination under HRL, plaintiff must allege "facts plausibly indicating" (i) "conduct amounting to an adverse employment action," which (ii) "occurred under circumstances evincing discriminatory animus." Henry v. N.Y.C. Health & Hosp. Corp., 18 F. Supp. 3d 396, 409 (S.D.N.Y. 2014) (NYSHRL); LeeHim v. N.Y.C. Dep't of Educ., 2017 WL 5634128, at *9 (S.D.N.Y. 2017) (NYCHRL). Adverse employment actions are "materially adverse change[s] in the terms and conditions of employment"; allegations of "mere inconvenience[s] or [] alteration[s] of job responsibilities" do not suffice.  Henry, 18 F. Supp. 3d at 404 (quotation omitted).  The Complaint fails to meet this pleading requirement.  Instead, the Complaint alleges positive actions:  (i) a promotion, (ii) survival of workforce reductions and (iii)

alleged positive feedback from partners. The Complaint offers nothing more than Plaintiff "was impacted by his actions and whisper campaign against her after the assault." (Cmplt ¶ 97). This is insufficient.[2]

While under the NYCHRL, a plaintiff may satisfy the adverse action requirement by alleging that the complained-of conduct is "reasonably likely to deter a person from engaging in protected activity." N.Y.C. Admin. Code § 8-107(7). But even then, a plaintiff "must still link the adverse action to a discriminatory or retaliatory motivation" and "allege facts which plausibly suggest that [Defendants] undertook the actions that [they] did either out of discriminatory animus or in an effort to retaliate against [Plaintiffs] for engaging in protected activity." Trivedi v. N.Y.S. Unified Ct. Sys. Office of Ct. Admin., 818 F. Supp. 2d 712, 743 (S.D.N.Y. 2011), aff'd, 582 F. App'x 47 (2d Cir. 2014). Plaintiff's allegations come nowhere near meeting this standard. The Complaint also fails to plead an inference of discriminatory animus and does not even plead a single discriminatory statement from Defendant directed towards Plaintiff.

Retaliation. A plausible claim of retaliation under Human Rights Law requires allegations of "(1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Henry, 18 F. Supp. 3d at 411 (quotation omitted) (NYSHRL); Bliss v. MXK Rest. Corp., 220 F. Supp. 3d 419, 424–25 (S.D.N.Y. 2016) (NYSHRL and NYCHRL).

The failure to plead an adverse employment action is fatal to this claim as well. In addition, Defendant was banished upon Plaintiff's reporting, accordingly, any alleged whisper campaign before Plaintiff engaged in the "protected activity" of reporting is irrelevant.

Aiding & Abetting. These claims "may only stand where a violation of the Human Rights Law is established." TC v. Valley Cent. Sch. Dist., 777 F. Supp. 2d 577, 604 (S.D.N.Y. 2011). Given that Plaintiff has not sufficiently alleged any violations of the NYSHRL or NYCHRL, her claims for aiding and abetting must also be dismissed. Furthermore, Defendant, not Pierce Bainbridge, is alleged to have engaged in misconduct and one cannot aid and abet one's alleged conduct. See Hardwick v. Auriemma, 116 A.D.3d 465, 468 (1st Dep't 2014).

Defamation. The defamation claim is also flawed. Each of the four identified statements – as they pertain to Plaintiff – are consistent with Court pleadings and are afforded the absolute litigation privilege; they do not go "beyond the legal pleadings" (Cmplt. ¶ 84). In one instance, the statement is simply a reporter quoting an allegation from a Lewis Complaint.

For the reasons set forth herein, I seek leave to move to dismiss the Complaint in its entirety. This letter is without prejudice to any other arguments I may advance in that motion. I am prepared to discuss the contents of this letter and my anticipated motion to dismiss at the Court's convenience.

---

[2] Even a negative performance review (more than a purported "whisper campaign"), without more, does not constitute an adverse employment action. See Fairbrother v. Morrison, 412 F.3d 39, 56-57 (2d Cir. 2005) (collecting cases), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006).

        Respectfully submitted,

        *Donald Lewis*
        Don Lewis
        *Pro Se* Defendant

cc: All Counsel of Record