# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Lawrence M. Pearson**
lpearson@wigdorlaw.com

December 17, 2020

**VIA ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: <u>Selina Kyle v. Donald D. Lewis, et al.; No. 20-cv-06142 (KPF)</u>

Dear Judge Failla:

We represent Plaintiff Selina Kyle and write pursuant to the Your Honor's Individual Rules §2(C) in response to Defendant Lewis's letter motion requesting a pre-motion conference regarding his anticipated motion to dismiss Plaintiff's Complaint ("Letter"). <u>See</u> Dkt. No. 38. As explained below, any motion to dismiss filed by Defendant Lewis would ultimately prove futile and be a waste of resources for both the Court and the Parties.

In his Letter, Defendant Lewis inappropriately attempts to introduce his own factual allegations and flights of fancy. Repeating his oft-asserted and baseless conspiracy theory, Defendant Lewis asserts that "lawyers … compensated, and continue to compensate, Plaintiff" and that there is a coordinated effort with Defendant Pierce Bainbridge and third-party firm Hecht Partners to "extort" and "smear" him by "pushing" a "meritless defamatory complaint." Dkt. 38, p.1.[1] Undoubtedly, Defendant Lewis's tiresome conduct of spewing baseless factual leaps and assertions will continue, and such material will account for most of any motion he is permitted to file. In deciding a motion to dismiss, a court must accept as true all allegations in the complaint or statement of claim. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007)). Factual material introduced by defendants to support a motion on the pleadings should be disregarded on a motion to dismiss but for very specific circumstances. <u>See</u> <u>Watts v. Jackson Hewitt Tax Serv. Inc.</u>, 579 F. Supp. 2d 334, 344 (E.D.N.Y. 2008). In the event that Defendant Lewis does insist upon introducing his own irrelevant allegations in future submissions, Plaintiff will have no choice but to again seek relief for any time spent responding to such material, and/or for the time spent on applications seeking relief from Defendant Lewis's inexcusable disregard for the Court's direction and professional rules.

---

[1]  The Court warned the Parties by stating "I'm going to remind both parties to keep their filings professional and to leave out irrelevant personal details and unsupported allegations of misconduct by the other side. It's just not necessary, and it only gums up the works in this particular litigation," Defendant Lewis has disregarded this instruction. Ex. A, 16:1-16:5. Remarkably, he then later feels free to threaten to seek Rule 11 sanctions against Plaintiff and/or her counsel on unsurprisingly unspecified, vague charges, even amid obstreperous (to put it kindly) conduct on his own part.



Defendant Lewis transparently tries to hide the lack of support for his motion by ignoring Plaintiff's allegations and asserting that other, unrelated facts in the Complaint are inadequate to state a claim. For example, Defendant Lewis, who is alleged to have sexually assaulted Plaintiff and subjected her to a retaliatory and sexually hostile work environment, has the nerve to contend that Plaintiff "actually alleges positive, not adverse, actions." Dkt. 38, p. 2. Plaintiff alleges numerous adverse actions, including but not limited to Defendant Lewis threatening Plaintiff with termination should she complain about his repugnant actions, engaging in a campaign to discredit Plaintiff by making unwarranted complaints regarding her work to co-workers, altering Plaintiff's work assignments to undermine her, and subjecting Plaintiff to a sexually hostile work environment where words like "bitch" and "cunt" were regularly used by Defendant Lewis. Compl. ¶¶ 2, 32, 36, 37, 38, 97. It is well-settled that retaliatory acts are "not limited to discriminatory actions that affect the terms and conditions of employment." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 64 (2006). These statutes prohibit all conduct that "well might . . . dissuade[] a reasonable worker from making or supporting a charge of discrimination." Id. at 68. The expansive NYCHRL makes it unlawful to retaliate "in any manner." Williams v. New York City Hous. Auth., 61 A.D.3d 62, 70 (1st Dep't 2009). No "challenged conduct" may "be categorically rejected as nonactionable." Id. at 71. "Rather than requiring a plaintiff to show an adverse employment action, [the NYCHRL] only requires [her] to show that something happened that was reasonably likely to deter a person from engaging in protected activity." Xiang v. Eagle Enters., LLC, No. 19 Civ. 1752 (PAE), 2020 WL 248941, at *8 (S.D.N.Y. Jan. 16, 2020).

Defendant Lewis also somehow expects to successfully argue that Plaintiff's Complaint fails to "plead an inference of discrimination" or "a single discriminatory statement," despite specifically pled allegations that Defendant Lewis sexually assaulted Plaintiff and referred to women as "bitches," "whores" and "cunts." Dkt. 38, p. 3. Further, to establish a sex discrimination claim under the NYCHRL, "the plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013). "In determining whether a plaintiff suffered a hostile work environment, [the Court] must consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Love v. Premier Util. Servs., LLC, 186 F. Supp. 3d 248, 253 (E.D.N.Y. 2016) (citations omitted). To defeat a motion to dismiss and proceed to discovery, a plaintiff must only allege facts showing that "she was faced with 'harassment ... of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.'" Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (quoting Terry, 336 F.3d at 148). Even if Plaintiff had not pled the allegations regarding Defendant Lewis's revolting and degrading language in the workplace, his sexual assault on Ms. Kyle is significant enough to sustain those claims on its own. See Dillon v. Ned Mgmt., Inc., 85 F. Supp. 3d 639, 656 (E.D.N.Y. 2015).

Defendant Lewis also is a covered employer and subject to personal liability under the NYSHRL and NYCHRL. Both laws allow for individual liability for discrimination and retaliation claims. See Malena v. Victoria's Secret Direct, LLC, 886 F.Supp.2d 349 (S.D.N.Y. 2012). "An individual qualifies as an 'employer' when that individual has an ownership interest in the relevant



organization or the 'power to do more than carry out personnel decisions made by others.'" Townsend v. Benjamin Enterprises, Inc., 679 F.3d 41, 57 (2d Cir.2012) (citations omitted). "[U]nder both Exec[.] Law § 296(6) and NYC Admin. Code § 8–107(6), an individual employee may be held liable for aiding and abetting discriminatory conduct." Krause v. Lancer & Loader Grp., 40 Misc.3d 385, 965 N.Y.S.2d 312, 323 (Sup. Ct., N.Y. Cty. 2013). "The language of both [the] NYSHRL and [the] NYCHRL is identical, providing that 'it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so.'" Id. at 323 n.7. To establish an aiding and abetting claim, the pleadings must in fact allege that "[defendant] 'actually participate[d] in the conduct giving rise to a discrimination claim.'" Xiang v. Eagle Enters., LLC, No. 19 Civ. 1752 (PAE), 2020 WL 248941, at *5 (S.D.N.Y. Jan. 16, 2020) (quoting Feingold, 366 F.3d at 158). Defendant Lewis was a partner at Pierce Bainbridge, assaulted Plaintiff, had significant decision-making power and highlighted such power in threatening Plaintiff's employment.

Plaintiff has properly pled defamation *per se*, and damages therefore need not be alleged or proven for: "(1) those that accuse the plaintiff of a serious crime; (2) those that tend to injure another in his or her trade, business or profession…" Stern v. Cosby, 645 F. Supp. 2d 258, 273 (S.D.N.Y. 2009) (internal quotations and citations omitted). Here, Plaintiff alleges that she suffered serious injury to her personal and professional reputation as a result of Defendant's malicious publication of various defamatory statements. By way of example only, Defendant Lewis repeatedly published statements unprotected by any legitimate privilege protection stating, *inter alia*, that Plaintiff is a supposed "liar" who somehow is in a conspiracy with Defendant Pierce Bainbridge, yet she refrained from suing Defendants for two years, and then filed supposedly false claims, but only after Lewis had brought bogus defamation claims against her (one wonders: was that part of her purported plan all along?). The Complaint provides a bevy of alleged defamatory statements that Defendant Lewis again deceptively omits while trying to argue that other statements and quotes are covered by absolute litigation privilege (which will be disputed as to some of the more gratuitous, blatantly vindictive examples). Plaintiff does allege that Lewis defamed her in "filings," "various media," as well as through "anonymously written articles, posts, and comments … across the internet." Compl. ¶55. The Complaint contains many factual allegations that, if presumed true, amount to defamatory statements that are not covered under any applicable privilege. Compl. ¶¶37, 42, 84, 85, 86. On their own, Plaintiff's allegation that Lewis defamed her through anonymously written articles and posts, supported by citation to specific posts and material strongly suggesting that Lewis is the author, amply supports the defamation claims. Compl. ¶¶87. The totality of Plaintiff's allegations pertaining to statements and writings by Lewis, if presumed to be true, establish claims of defamation *per se*.

Defendant Lewis should save everyone and the Court a lot of time and refrain from filing his motion to dismiss and conserve his resources for discovery.

Plaintiff also informs the court that she intends to file an Amended Complaint as of matter of right, including further allegations of defamation based on a quote by Defendant Lewis in conjunction with an article published by Law360 on November 13, 2020 and adding Pierce Bainbridge, P.C. as an additional party.



The Honorable Katherine Polk Failla  
December 17, 2020  
Page 4

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Lawrence M. Pearson