**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SELINA KYLE,

                Plaintiff,

v.

DONALD D. LEWIS, in his individual and
professional capacities, and PIERCE
BAINBRIDGE BECK PRICE & HECHT
LLP,

                Defendants.

Index No.: 1:20-cv-06142 (KPF)

**ANSWER, AFFIRMATIVE**
**DEFENSES, AND CROSS-CLAIM**

## ANSWER TO AMENDED COMPLAINT

Defendant Pierce Bainbridge LLP f/k/a Pierce Bainbridge Beck Price & Hecht LLP

("PB" or the "Firm"), by and through its undersigned counsel, pleads in response to the

Amended Complaint filed by plaintiff Selina Kyle ("Kyle") against defendant Donald D. Lewis

("Lewis") and PB as follows:

### PRELIMINARY STATEMENT[1]

1.      PB lacks knowledge and information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 1.

2.      PB lacks knowledge and information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 2.

3.      PB lacks knowledge and information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 3.

---

[1]      The Answer recites the Amended Complaint's headings for convenience only.  To the extent any heading constitutes an allegation of fact separate and apart from those contained in the number paragraphs, such allegations are denied.

4.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, but admits that Kyle reported to it that Lewis had sexual assaulted her and that upon Kyle so reporting, promptly launched an investigation concerning her allegations and placed Lewis on administrative leave.

7.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, but admits that Lewis commenced several frivolous lawsuits against it and, upon information and belief, that Lewis has anonymously written articles, posts, and comments about it and Kyle across the internet.

8.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

## NATURE OF THE CLAIMS

11.     The allegations set forth in paragraph 11 state conclusions of law to which no response is required; to the extent a response is required the allegations are denied.

## ADMINISTRATIVE PREREQUISITES

12.     The allegations set forth in paragraph 12 state conclusions of law to which no

response is required; to the extent a response is required the allegations are denied.

13.     The allegations set forth in paragraph 13 state conclusions of law to which no response is required; to the extent a response is required the allegations are denied.

## JURISDICTION AND VENUE

14.     The allegations set forth in paragraph 14 state conclusions of law to which no response is required; to the extent a response is required the allegations are denied.

15.     The allegations set forth in paragraph 15 state conclusions of law to which no response is required; to the extent a response is required the allegations are denied.

## PARTIES

16.     PB admits that Kyle is a former paralegal at PB, but denies knowledge and information sufficient to form a belief as to Kyle's residency or domicile.  The allegation concerning the definition of "employee" states a legal conclusion to which no response is required; to the extent a response is required, that allegation is denied.

17.     PB admits that Defendant Donald Lewis held the title of partner at PB in 2018 and supervised plaintiff's employment.  PB denies knowledge and information sufficient to form a belief as to Lewis' residency or domicile.  The allegation concerning the definition of "employer" states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

18.     PB admits that it is or was a foreign registered limited liability partnership.  PB denies that its principal place of business was ever New York, New York.  The allegation concerning the definition of "employer" states a legal conclusion to which no response is required; to the extent a response is required, the allegation is denied.

## FACTUAL ALLEGATIONS

A.    **Ms. Kyle's Begins Work at Pierce Bainbridge**

19.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.    Admit.

21.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

B.    **Ms. Kyle Is Sexually Harassed and Assaulted by Mr. Lewis**

22.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, except admits that Kyle was one of a few people with a key to the New York office.

24.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

**C.**     **Mr. Lewis Retaliates Against and Tries to Undermine Ms. Kyle at the Firm**

37.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

42.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42.

43.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43.

44.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45.

46.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

48.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

**D.    Mr. Lewis's Inappropriate, Offensive Conduct and Intimidation Tactics**

49.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49, except specifically denies that PB's corporate culture was a "bro" culture and denies that PB's corporate culture was hostile to women.

50.     PB lacks knowledge and information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 50.

51.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51.

52.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52.

53.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53.

54.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

55.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55.

56.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56.

**E.    Ms. Kyle Reports the July 2018 Assault and Incident**

57.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57, except admits that Lewis was going to be promoted to the position of Assigning Partner.

58.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58.

59.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59.

60.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60.

61.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61.

62.     Admit.

63.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63.

64.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64.

65.     Admit.

66.     Admit.

67.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67.

68.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68.

69.     The document quoted in paragraph 69 speaks for itself.

70.     The document quoted in paragraph 70 speaks for itself.

71.     Admit.

**F.      Mr. Lewis Defames Ms. Kyle in His Lawsuit Against the Firm and Subsequent Press Coverage**

72.     Admit.

73.     The document quoted in paragraph 73 speaks for itself.

74.     PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74.

75.     The document quoted in paragraph 75 speaks for itself.

76.     PB lacks knowledge and information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 76; to the extent a document is quoted it speaks for itself.

77.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77.

78.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78.

79.    Admit.

80.    Admit.

81.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81.

82.    The document quoted in paragraph 82 speaks for itself.

83.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83.

84.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84.

85.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85; to the extent a document is quoted it speaks for itself.

86.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86; to the extent a document is quoted it speaks for itself.

87.    Admit.

88.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88; to the extent a document is quoted it speaks for itself.

89.    Admit.

90.    PB lacks knowledge and information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 90; to the extent a document is quoted it speaks for itself.

**G.      Mr. Lewis Filed a Retaliatory Lawsuit Against Ms. Kyle**

91.      Upon information and belief, admit.

92.      Upon information and belief, admit.

93.      Upon information and belief, admit.

94.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94; to the extent a document is quoted it speaks for itself.

95.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95; to the extent a document is quoted it speaks for itself.

96.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96.

97.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97.

98.      Admit.

99.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99.

100.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100.

101.      PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101.

102.      The allegations set forth in paragraph 102 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

103.      The allegations set forth in paragraph 103 state conclusions of law to which no

responsive pleading is required; to the extent a response is required, the allegations are denied.

104.    The allegations set forth in paragraph 104 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

**I.      Donald Lewis was Ms. Kyle's Supervisor**

105.    The allegations set forth in paragraph 105 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

106.    The allegations set forth in paragraph 106 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

107.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107.

108.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108.

109.    Admit the first sentence of paragraph 109.  PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in second sentence of paragraph 109.

110.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110.

111.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111

112.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112.

113.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113.

114.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114.

115.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115.

116.    PB lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)
### Against All Defendants

117.    PB repeats its responses to the preceding allegations in response to paragraph 117.

118.    The allegations set forth in paragraph 118 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

119.    The allegations set forth in paragraph 119 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

120.    The allegations set forth in paragraph 120 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

121.    The allegations set forth in paragraph 121 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

## SECOND CAUSE OF ACTION
### (Aiding and Abetting Gender Discrimination in Violation of the NYSHRL)
### Against Defendant Lewis

122.    PB repeats its responses to the preceding allegations in response to paragraph 122.

123.    The allegations set forth in paragraph 123 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

124.    The allegations set forth in paragraph 124 state conclusions of law against a

defendant other than PB to which no responsive pleading is required.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
### Against All Defendants

125.    PB repeats its responses to the preceding allegations in response to paragraph 125.

126.    The allegations set forth in paragraph 126 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

127.    The allegations set forth in paragraph 127 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

128.    The allegations set forth in paragraph 128 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

129.    The allegations set forth in paragraph 129 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

### FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)
### Against All Defendants

130.    PB repeats its responses to the preceding allegations in response to paragraph 130.

131.    The allegations set forth in paragraph 131 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

132.    The allegations set forth in paragraph 132 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

133.    The allegations set forth in paragraph 133 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

134.    The allegations set forth in paragraph 134 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

**FIFTH CAUSE OF ACTION**
**(Aiding and Abetting Gender Discrimination in Violation of the NYCHRL)**
**Against Defendant Lewis**

135.     PB repeats its responses to the preceding allegations in response to paragraph 135.

136.     The allegations set forth in paragraph 136 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

137.     The allegations set forth in paragraph 137 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

138.     The allegations set forth in paragraph 138 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYCHRL)**
**Against All Defendants**

139.     PB repeats its responses to the preceding allegations in response to paragraph 139.

140.     The allegations set forth in paragraph 140 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

141.     The allegations set forth in paragraph 141 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

142.     The allegations set forth in paragraph 142 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

143.     The allegations set forth in paragraph 143 state conclusions of law to which no responsive pleading is required; to the extent a response is required, the allegations are denied.

**SEVENTH CAUSE OF ACTION**
**(Defamation Per Se)**
**Against Defendant Donald Lewis**

144.     PB repeats its responses to the preceding allegations in response to paragraph 144.

14

145.     The allegations set forth in paragraph 145 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

146.     The allegations set forth in paragraph 146 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

147.     The allegations set forth in paragraph 147 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

148.     The allegations set forth in paragraph 148 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

149.     The allegations set forth in paragraph 149 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

150.     The allegations set forth in paragraph 150 state conclusions of law against a defendant other than PB to which no responsive pleading is required.

## **AFFIRMATIVE DEFENSES**

1.     PB acted in good faith at all times and in compliance with all applicable law and statutes.

2.     PB is not strictly liable:  (a) PB exercised reasonable care to prevent and correct any harassing or unlawful behavior; and/or (b) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that PB provided.

3.     The purported imposition of strict liability under New York's and/or New York City's Human Rights Law is unconstitutional under the Due Process Clause, Equal Protection Clause, the Takings Clause, and/or the Privileges and Immunities Clause of the U.S. Constitution to the extent such laws fails to recognize or permit an employer to plead and prove the affirmative defense to strict liability set forth in *Vance v. Ball State Univ.*, 570 U.S. 421 (2013).

4.      PB undertook all lawful and required measures upon Kyle making allegations against Lewis and is therefore not liable.

5.      PB is not vicariously liable for any damages for any decision of its managerial agents that were undertaken by such agents outside the scope of their employment.

6.      PB acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against discrimination, harassment, and/or retaliation and exercised reasonable care to prevent and promptly correct any alleged discrimination, harassment, and/or retaliation.

7.      Plaintiff is not entitled, on the law or the facts, to any of the damages claimed against PB, including, but not limited to, liquidated, punitive or penalty damages.

8.      Plaintiff's claims are barred, in whole or in part, to the extent she failed to exhaust, timely and properly, all necessary administrative, statutory and/or jurisdictional remedies or prerequisites.

9.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or laches.

10.      To the extent that Plaintiff has failed to mitigate her alleged damages, her claims and remedies are diminished or barred.

11.      PB is not liable because Lewis is solely liable for the alleged acts complained of by Plaintiff.

12.      As a matter of law, PB is not liable for any act of retaliation by Lewis that occurred after his employment was terminated by PB.

13.      PB reserves the right to raise additional defenses as may be discovered during the course of this litigation.

16

## PIERCE BAINBRIDGE'S CROSS-CLAIM AGAINST DEFENDANT LEWIS

1.       PB hereby cross-claims against Lewis pursuant to Fed. R. Civ. P. 13(g) for any liability or damages PB incurs with respect to plaintiff's claims against PB.

2.       PB hired Lewis as an at-will partner on June 17, 2018.

3.       PB fired Lewis "for cause" five months later on November 12, 2018 due to his:

   1.  Flagrant violation of the terms of [his] administrative leave;
   2.  Obstruction of an ongoing sexual harassment and retaliation investigation;
   3.  Improper disclosure of confidential information related to the investigation; and
   4.  Retaliation against Ms. Selina Kyle and other employees at the firm for their participation in the investigation.

4.       A few weeks prior to his termination, on October 4, 2018, Kyle reported to PB that Lewis had sexually assaulted her on July 7, 2018.

5.       Upon Kyle reporting the alleged misconduct, PB promptly retained independent counsel, Putney Twombly Hall & Hirson, LLP ("Putney Twombly"), to conduct an investigation.

6.       Upon Kyle reporting the alleged misconduct, PB promptly placed Lewis on administrative leave pending the investigation.  Lewis, however, obstructed the investigation and violated the terms of his administrative leave.

7.       On November 8, 2018, Lewis' counsel sent a letter to Putney Twombly.  The letter is comprised of a series of unsupported assertions followed by a series of demands by an at-will employee that constitute nothing less than an improper attempt by Lewis to subvert Putney Twombly's independent investigation.  The November 8, 2018 letter makes clear that unless Putney Twombly bowed to Lewis' demands, Lewis would not submit to an interview by Putney Twombly.

8.       On November 12, 2018, at 3:01 pm, Lewis emailed seventeen of PB's partners —

17

none of whom were involved with Putney Twombly's investigation.  Attached to that email was Lewis' counsel's November 8 letter to Putney Twombly.

9.        Pierce Bainbridge fired Lewis a few hours later at 7:38 pm.

10.      The next morning, on November 13, 2018, Lewis emailed the same 17 partners he had emailed the day before, plus two other partners, Carolynn Beck and John Pierce, and threatened that if his termination was not "immediately rescinded," he would bring retaliatory lawsuits against the firm, the individual partners, Kyle, and Putney Twombly.  Lewis wrote:  "As noted in the Letter to Yim, and if my unlawful termination is not immediately rescinded, we intend to file claims against Pierce Bainbridge, Putney Twombly, and individually against John Pierce, Carolynn Beck, [Selina Kyle], Jim Bainbridge, Michael Yim and "John-Does" (which shall include anyone who has condoned and/or ratified the ethically depraved and unlawful conduct concerning my leave, the related sham 'investigation' and my retaliatory termination). We intend to seek joint and several liability wherever appropriate."

11.      On May 16, 2019, Lewis commenced the first of two frivolous lawsuits in New York Supreme Court against PB and affiliated parties.  This first suit ("Lewis I") named PB, seventeen of its then partners, Putney Twombly, Michael Yim (a partner at Putney Twombly), and an administrative assistant at PB as defendants.

12.      On June 7, 2019, Lewis filed a second frivolous lawsuit in New York Supreme Court against PB and two partners of PB.  The complaint in this second suit ("Lewis II") was subsequently amended and added as defendants another then partner of PB, Littler Mendelson, PC (who had been representing PB), a partner at Littler Mendelson, Putney Twombly, Michael Yim, and Kyle pseudonymously as "Jane Doe."

*      *      *

13.     PB only became aware that Lewis had allegedly assaulted Kyle and had allegedly retaliated against her after she notified PB on October 4, 2018.

14.     As noted above, upon Kyle making a complaint to PB against Lewis, PB undertook all appropriate and required actions, including retaining Putney Twombly to conduct an investigation and placing Lewis on administrative leave.

15.     Thus, PB exercised reasonable care to prevent and correct any alleged harassing or unlawful behavior by Lewis once Kyle reported the alleged misconduct, but could only take such action upon being notified by Kyle of the alleged misconduct.

16.     Kyle alleges that PB is liable to her for Lewis' alleged acts of sexual assault upon her, Lewis's commission of gender discrimination against her, and Lewis' retaliation against her.

17.     To the extent that Lewis sexually assaulted Kyle, he was acting outside the scope of his employment.

18.     To the extent that Lewis engaged in gender discrimination against Kyle, he was acting outside the scope of his employment.

19.     To the extent that Lewis retaliated against Kyle, he was acting outside the scope of his employment.

## FIRST CROSS-CLAIM
### (Indemnification / Contribution / Reimbursement for Costs and Fees)
### Against Lewis

20.     Lewis is liable to PB for any liability or damages assessed against PB as a result of Kyle's claims.  *See* Fed. R. Civ. P. 13(g)

21.     The law recognizes various doctrines that permit a cross-claimant to recover against a co-defendant where the latter was the actor, but the former is found liable to the plaintiff because of or in connection with the latter's conduct.

22.     The law recognizes several theories, both equitable and legal, including indemnification and contribution, under which an employer may recover against an employee where the employer has been found liable for damages as a result of the employee's misconduct or wrongful acts.

23.     To the extent that PB is found liable to Kyle for or in connection with any misconduct or wrongful acts by Lewis against Kyle, Lewis is liable to PB for the full amount of any such damages imposed upon or assessed against PB, including PB's costs, expenses, and reasonable attorneys' fees.

24.     Wherefore, to the extent that PB is found liable to the plaintiff, PB prays for a judgment against Lewis to the full extent of any liability or award of damages imposed upon it, plus PB's costs, expenses, and reasonable attorneys' fees incurred in defending against plaintiff's claims.

Dated: June 4, 2021

Respectfully submitted,

/s/ Edward D. Altabet
Edward D. Altabet, Esq.
COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC
55 Broadway, Suite 901
212.871.7400
ealtabet@cohenseglias.com

*Attorneys for Defendant Pierce Bainbridge LLP*