UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SELINA KYLE,

                      Plaintiff,

          v.

DONALD D. LEWIS, in his individual and
professional capacities, and PIERCE BAINBRIDGE
BECK PRICE & HECHT LLP,

                    Defendants.

---------------------------------------------------------------- x

: Civil Action No. 20- 6142 (KPF)

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
THE MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)
FILED ON BEHALF OF DEFENDANT DONALD LEWIS**

---

FERNANDEZ GARCIA, LLC
Juan C. Fernandez, Esq.
14 Elm Street
Morristown, NJ  07960
(973) 500-2256
Attorneys for Defendant Donald Lewis

TABLE OF CONTENTS

PAGE

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Point I

THE RETALIATION CLAIMS ARE EITHER WAIVED, TIME-BARRED
OR DO NOT SATISFY ANY OF THE TESTS UNDER THE NEW YORK
HUMAN RIGHTS LAWS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Plaintiff Has Waived Her Retaliation Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  The NYSHRL Retaliation and Gender Discrimination Claims Are Time-Barred . . . . . . 2

    C.  Even Under An Expansive Interpretation Of The NYCHRL, Plaintiff's Retaliation
       Claims Still Fail . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.  Even With The "New" Allegations, The NYHRL Claims Should Be Dismissed
       Because Plaintiff Has Failed To Establish Lewis Was Her Employer . . . . . . . . . . . . . . 4

Point II

THE DEFAMATION CLAIM IS NOT ACTIONABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.  The Lewis-Doe Defamation Action Is Protected By The
       Absolute Litigation Privilege . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.  Reportage Of The Lewis-Doe Defamation Action Is Protected By Section 74 . . . . . . . . . 6

    C.  The Defamation Claim Is Not Actionable Because Lewis Protected The Identity
       Of The False Accuser With A Pseudonym . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.  Plaintiff Has Conceded The Lewis I-Related Defamation Claims Are
       Time-Barred And Therefore Cannot Be Used To Bootstrap A Defamation Claim . . . . . . 8

    E.  Plaintiff Is Not, And Was Not Identified As, A Member Of A Profession And
       Therefore Cannot Assert A Claim For Defamation *Per Se* . . . . . . . . . . . . . . . . . . . . . 8

Point III

THIS COURT SHOULD TAKE JUDICIAL NOTICE OF ALL PLEADINGS
FILED IN THE STATE COURT LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Point IV

THE COMPLAINT CONTAINS CONTRADICTORY ALLEGATIONS WHICH
SHOULD NOT BE ACCEPTED AS TRUE ...................................... 10

CONCLUSION ............................................................ 11

# TABLE OF AUTHORITIES

Cases                                                                          Page(s)

*BYD Co. v. VICE Media LLC*, No. 20-cv-3281 (AJN), 2021 U.S. Dist. LEXIS 64027
(S.D.N.Y. Mar. 31, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . .  8

*D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211 (E.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . .  7

*Deronette v. City of New York*, No. 05-CV-5275, 2007 U.S. Dist. LEXIS 21766,
2007 WL 951925 (E.D.N.Y. Mar. 27, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Egiazaryan v. Zalmayev*, No. 11 CIV. 2670, 2011 WL 6097136 (S.D.N.Y. Dec. 7, 2011) . . . . .  6

*Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405 (S.D.N.Y. 2009) . . . . . . . . . . . .  6, 7

*Goyette v. DCA Advert.*, 830 F. Supp. 737 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-cv-1260 (KAM),
2009 U.S. Dist. LEXIS 111675 (E.D.N.Y. Dec. 1, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*In Re Khatibi v. Weill*, 8 A.D.3d 485, 485, 778 N.Y.S.2d 511, 512 (2d Dept 2004) . . . . . . . . . .  10

*Liberman v. Gelstein*, 80 N.Y.2d 429 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Medcalf v. Walsh*, 938 F. Supp. 2d 478 (S.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Melchior v. New York Life Ins. Co.,* No. 17-CV-06951 (NSR), 2019 U.S.Dist.LEXIS
25229 (S.D.N.Y. Feb. 15, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Mudholkar v. Univ. of Rochester*, 261 F. App'x 320 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . .  2

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F.Supp.2d 489
(S.D.N.Y.2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Sherman v. Fivesky, Inc.*, No. 19 Civ. 8015 (LJL), 2020 WL 5105164
(S.D.N.Y. Aug. 31, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 4

*Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, 2019 U.S. Dist. LEXIS 55932
(S.D.N.Y. Mar. 31, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302 (S.D.N.Y. 2019) . . . . . . . . . . . . . . . . . . . . .  7

*Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 65 (App. Div. 1st Dept.) . . . . . . . . . . . . . . . . . .  3

*Williams v. Williams*, 23 N.Y.2d 592 (N.Y. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statutes

N.Y. Civil Rights Law § 74 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N.Y. Exec. Law § 296 . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

N.Y. Exec. Law § 297 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rules

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Defendant Donald Lewis respectfully submits this Memorandum of Law in Reply to Plaintiff's Opposition to his Motion, pursuant to Fed. R. Civ. P. 12(b)(6), to Dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

Removing the "sound and fury" from the Complaints, Plaintiff's central focus was fictionalized claims of employment-related retaliation by Lewis or his counsel for: (1) filing whistleblowing lawsuits against his partners – not her – for <u>his</u> wrongful termination; (2) filing a defamation lawsuit against her;[1] (3) engaging in settlement discussions with Plaintiff's prior counsel; (4) reportage on the protected whistleblowing and defamation lawsuits; and even (5) filing this motion.[2] Try as she might to articulate an employment-related retaliation claim, however, Plaintiff cannot because these were all <u>post</u>-employment protected actions which had zero adverse effect on her employment, as the Amended Complaint details.

Plaintiff's failure to articulate an employment-related retaliation claim is further underscored by what the Complaint does not say and the opposition does not address:

- It does not plead the requisite adverse employment actions before or after Lewis was fired, but instead reiterates only positive employment actions: praise, promotion and employment which continues to the present.
- They do not touch the missing causal connection for retaliation: that the two Lewis post-employment lawsuits were filed against his former firm, not Kyle.
- They cannot explain the missing temporal connection for retaliation: the 16 month delay between the protected activity (October 4, 2018 when Jane Doe reported the alleged incident) and the alleged retaliation (the Lewis-Doe Defamation Action filed on January 27, 2020).

With the retaliation claims exposed as factually and legally implausible, Plaintiff has now pivoted her focus to the single defamation claim which is a mirror image of the retaliation claim

---

[1] The "Lewis-Doe Defamation Action" (Fernandez Decl. Exh. I).
[2] Plaintiff's argument that the defense has admitted the Lewis-Doe Defamation Action was "retaliatory" is plainly absurd. (Docket #71, pp. 1, 6).

but fares no better.  The defamation claim related to the Lewis-Doe Action is barred by the absolute

litigation privilege and reportage is protected by Section 74.

Even a cursory examination of the Amended Complaint reveals it is propped up by

conclusory statements and time-barred claims which defy common sense and therefore cannot

survive this motion to dismiss.

## LEGAL ARGUMENT

<u>Point I</u>

## THE RETALIATION CLAIMS ARE EITHER WAIVED, TIME-BARRED OR DO NOT SATISFY ANY OF THE TESTS UNDER THE NEW YORK HUMAN RIGHTS LAWS

### A.  Plaintiff Has Waived Her Retaliation Claims

As detailed in the brief in chief, Plaintiff failed to plead the requisite elements of an

employment-related retaliation claim:  adverse employment actions before or after Lewis was

fired, and a causal and temporal connection for the retaliation.   Plaintiff is silent on these issues,

and therefore opposition should be deemed waived and the retaliation claims abandoned.

"Plaintiffs' failure to oppose Defendants' specific argument in a motion to dismiss is deemed

waiver of that issue." *BYD Co. v. VICE Media LLC*, No. 20-cv-3281 (AJN), 2021 U.S. Dist. LEXIS

64027, at *16 (S.D.N.Y. Mar. 31, 2021).

### B.  The NYSHRL Retaliation and Gender Discrimination Claims Are Time-Barred

The opposition erroneously asserts that the one-year statute of limitations under N.Y. Exec.

Law § 297 does not apply to the "the claims at issue herein."  (Docket #71, p. 21).   A single case

-- *Mudholkar v. Univ. of Rochester*, 261 F. App'x 320, 323 (2d Cir. 2008)  -- is cited which simply

stands for the proposition that the "one-year statute of limitation applies to *state* claims filed with

the DHR."  (*Id.* (emphasis in original)). The Second Circuit's decision, however, does not contain

any exclusionary or limiting language with respect to such application.  To the contrary, the

Southern District has held "[c]laims brought under NYSHRL §§ 296 and 297 must be brought within one year after the alleged unlawful discriminatory practice. N.Y. Exec. Law § 297(5)." *Melchior v. New York Life Ins. Co.,* No. 17-CV-06951 (NSR), 2019 U.S.Dist.LEXIS 25229 at \*11 (S.D.N.Y. Feb. 15, 2019) citing *Jordan v. Verizon Corp.,* No. 17-CV-9197(LGS), 2019 U.S. Dist. LEXIS 13261, 2019 WL 340715, at \*7 (S.D.N.Y. Jan. 28, 2019). The *Melchior* court then noted "the <u>instant federal suit</u> is well outside of both statutes of limitations" and added the "[p]arties do not dispute that Plaintiff's Complaint was filed after the expiration of the statute of limitations." *Id.* (Emphasis supplied.) The same one-year limitations period applies to this federal action and Plaintiff's claims under the NYSHRL are in fact untimely.

### C. Even Under An Expansive Interpretation Of The NYCHRL, Plaintiff's Retaliation Claims Still Fail

Plaintiff's reliance on the *Williams* case is misplaced because, even under a broader construction of the NYCHRL's anti-retaliation provision which proscribes workplace retaliation "in any manner," the defense motion to dismiss was granted and upheld on appeal. Plaintiff claimed she was sexually harassed and then retaliated against by her supervisor after she reported his inappropriate behavior. *Williams v. N.Y.C. Hous. Auth.,* 61 A.D.3d 62, 65 (App. Div. 1st Dept.). Thereafter, she was promoted to assistant superintendent. In assessing plaintiff's retaliation claims, the court noted it was important to assess the claim "with a **keen sense of workplace realities**, of the fact that the 'chilling effect' of particular conduct is **context-dependent** . . . ." *Williams*, 61 A.D.3d at 71 (emphasis supplied). Even under the newly interpreted "City HRL's 'uniquely broad and remedial' purposes, which go beyond those of counterpart state or federal civil rights laws," plaintiff's retaliation claim still failed because she could not "link" the behavior to a retaliatory motivation. *Id.* at 66.

Plaintiff's citation to *Sherman v. Fivesky, Inc.*, No. 19 Civ. 8015 (LJL), 2020 WL 5105164 (S.D.N.Y. Aug. 31, 2020) is instructive on the "chilling effect" analysis in litigation-related retaliation claims.   In denying the employee's motion to amend his complaint to add retaliation claims against his former employer for its counterclaims, the court cogently observed:

> [N]o reasonable employee should expect that the employer-defendant would simply surrender in the face of litigation. Although the threat of a vigorous defense and the service of a third party subpoena in support of that defense might well cause an employee to think carefully about whether to start litigation, at all, that threat is not the 'retaliation' that Congress had in mind in crafting the retaliation provisions of Title VII.
>
> * * *
>
> The underlying principle is that the employer should not be required to forfeit a potentially meritorious claim against its employee simply because the employee has brought a claim against the employer. See Grauer v. UBS Finan. Servs., 2008 U.S. Dist. LEXIS 142721, 2008 WL 11398936, at *8 (S.D.N.Y. Dec. 17, 2008) ("[T]o hold otherwise would discourage employers with legitimate claims against employees alleging discrimination from bringing suit, because doing so would inevitably subject them to charges of unlawful retaliation.").

*Sherman*, at *17, 19.  This result is even more compelling here, especially where Lewis was not her employer and he was the one wrongfully terminated.  Kyle not only reported the false sexual harassment claims in 2018, but then took two more very public shots at Lewis in 2020, with and without the protection of a pseudonym, eliminating any notion of a "chilling effect." Under the *Sherman* analysis, Kyle should not expect Lewis to surrender in the fight to clear his name.

### D.  Even With The "New" Allegations, The NYHRL Claims Should Be Dismissed Because Plaintiff Has Failed To Establish Lewis Was Her Employer

Plaintiff attempts to support her allegation that Lewis was her supervisor by referencing an article "written by counsel for Mr. Lewis" in the state court action referencing his partnership status in the firm.  (Fernandez Decl. Exh. A, ¶ 106; Docket #71, p. 25).[3]  Plaintiff also suggests

---

[3] https://www.blacknews.com/news/don-lewis-african-american-partner-alleges-discrimination-corruption-pierce-bainbridge-beck-price-hecht-llp/ (last accessed July 14, 2021).  The referenced "article" was not written by his counsel but was in fact an August 2, 2019 press release about newly filed pleadings in the Lewis state court actions.

Lewis's membership in the firm's committee to recruit two attorneys for the New York office qualifies him as her "supervisor." (Fernandez Decl. Exh. A, ¶ 115; Docket #71, p. 25). However, these do not rise to the level of the day-to-day conduct control required to satisfy the indicia of employment. See *Goyette v. DCA Advert.*, 830 F. Supp. 737, 746-47 (S.D.N.Y. 1993) (defendant not considered an employer under the Human Rights Law as it did not pay, could not fire, and "had little or no involvement with the day-to-day control over the conduct of [the] employees").

Point II

## THE DEFAMATION CLAIM IS NOT ACTIONABLE

### A. The Lewis-Doe Defamation Action Is Protected By The Absolute Litigation Privilege

Although the Complaint alleges Lewis defamed Kyle in the May 2019 state court action,[4] the opposition concedes those claims are time-barred. The opposition argues that the Lewis-Doe Defamation Action is not protected by the absolute litigation privilege because the lawsuit was filed "**for the sole purpose** of maligning him." *Williams v. Williams,* 23 N.Y.2d 592, 604 (1969) (emphasis supplied); (Docket # 71, p. 17). The *Williams* exception is inapplicable here as the Complaint's Preliminary Statement pleads the Lewis-Doe Defamation Action was not filed solely to defame her, but for Lewis to "rehabilitate his own reputation" after his wrongful termination:

> Mr. Lewis launched a full-scale effort wherein he regularly defamed Ms. Kyle in an attempt to discredit, intimidate, and silence her **in order to rehabilitate his own reputation after his termination from Pierce Bainbridge** * * * which culminated in Mr. Lewis filing a retaliatory and defamatory lawsuit against Ms. Kyle . . . .

(Fernandez Decl. Exh. A, ¶¶ 7-8 (emphasis supplied)). Plaintiff also alleges the Lewis-Doe Defamation Action was filed to:

- "drag her into his food fight with Pierce Bainbridge" to punish, intimidate and silence her (AC, ¶ 92);
- "use the justice system for his own purposes" (AC, ¶ 97);
- force her to "put forth a false story that benefits him" (AC, ¶ 97); and

---

[4] *Lewis v. Pierce Bainbridge, et al.,* Index No. 652981 (N.Y.Cty. 2019) ("Lewis I") (Fernandez Decl. Exh. F).

- attack Kyle's current employer as a result of employing her (AC, ¶ 101).

Thus, by Plaintiff's own admission, the Lewis-Doe Defamation Action was not filed "for the sole purpose of circulating the defamatory statement[s]." *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-cv-1260 (KAM), 2009 U.S. Dist. LEXIS 111675, at *53 (E.D.N.Y. Dec. 1, 2009); *see also*, *Egiazaryan v. Zalmayev*, No. 11 CIV. 2670, 2011 WL 6097136, at *9 (S.D.N.Y. Dec. 7, 2011) (the *Williams* exception was inapplicable when the plaintiff alleged that the defendant's "**principal purpose**" in filing the complaint was to defame the plaintiff, but also "for the purpose of harassing, intimidating, punishing, and otherwise maliciously inhibiting the free exercise of speech" (emphasis added)); *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009) (the *Williams* exception is narrow "and does not apply 'in the absence of any allegation that the . . . action was brought **maliciously and solely** for the purpose of later defaming the plaintiff'" (emphasis supplied)).

It is impossible for Plaintiff to jump this hurdle because, as Plaintiff avers, Lewis has been fighting to clear his name since October 2018, repeating his allegations of lies, fraud and financial misconduct in literally dozens of pleadings filed in multiple state court battles both in New York and California. The Lewis-Doe Defamation Action and its reportage are merely an extension of the same defense, clearly not brought for the sole purpose of defaming Plaintiff, but to restore his pristine reputation damaged by Kyle's false allegations, and therefore are not actionable.

**B.  Reportage Of The Lewis-Doe Defamation Action Is Protected By Section 74**

Lewis has continued his fight to clear his name in the press using the very same language protected in his pleadings. Defendant's brief in chief analyzes and compares the news articles, which form the basis of the defamation claim, to the pleadings which reveal Lewis's comments have consistently mirrored the language in the state court litigation which therefore qualify them as "fair and true" reports protected by Section 74. Further, dismissal of the defamation claim is

6

not only warranted but also appropriate at this stage. *See, e.g., D'Annunzio v. Ayken*, Inc., 876 F. Supp. 2d 211, 220 (E.D.N.Y. 2012) (granting motion to dismiss counterclaim for alleged defamatory press coverage on the basis that the reportage was a "substantially accurate rendering of the allegations in the Complaint" protected by Section 74); *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405 (S.D.N.Y. 2009) ("The section 74 privilege is absolute and is not defeated by allegations of malice of bad faith."); *Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 312 (S.D.N.Y. 2019) (motion to dismiss defamation counterclaims granted because press release comments that defendants were "dishonest[] and shameful" "predators" were fair and true reports on the Complaint's allegations protected by Section 74); *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.,* 2019 U.S. Dist. LEXIS 55932, at *20 (S.D.N.Y. Mar. 31, 2019) (motion to dismiss defamation claim granted where defendant was quoted as characterizing the hedge fund's claims as false, fraudulent, and "against the law").

### C. The Defamation Claim Is Not Actionable Because Lewis Protected The Identity Of The False Accuser With A Pseudonym

Lewis voluntarily kept his false accuser's identity a secret with the pseudonym "Jane Doe" throughout the state court litigation. Also, he did not name her as a defendant in the Lewis I Complaint because "she was used and exploited" and was "a young person, getting on in the world and was swept up into Pierce massive illicit financial activity and desperate efforts to cover-up the same." (Docket # 61, Exh. F, p.3, n.4) (emphasis supplied)). In her December 23, 2019 Affidavit, Kyle also confirmed her identity was protected and reputation intact throughout the litigation: "Further, I wish to proceed by pseudonym to protect my identity and to protect my rights to privacy based on my status as a victim of sexual assault." (Docket # 61, Exh. H, ¶ 4).

Lewis continued to maintain her privacy in the Lewis-Doe Defamation Action which described "Jane Doe" only in general terms as a former employee of Pierce Bainbridge and a

current employee of Hecht Partners LLP.  (Fernandez Decl. Exh. I, ¶ 2).  Thus, she has been

cloaked with the anonymous "Jane Doe" protection and, as such, cannot be defamed.  *Dalbec v.*

*Gentleman's Companion, Inc.*, 828 F.2d 921, 925 (2d Cir. 1987) (the test is whether "'the libel

designates the plaintiff in such a way as to let those who knew [the plaintiff] understand that she

was the person meant. It is not necessary that all the world should understand the libel.'" (citing

*Fetler v. Houghton Mifflin Co.*, 364 F.2d 650, 651 (2d Cir. 1966) (quoting *Miller v. Maxwell*, 16

Wend. 9, 18 (N.Y. Sup. Ct. 1836))).

These facts also defeat Plaintiff's claims of  alleged "malice."

**D. Plaintiff Has Conceded The Lewis I-Related Defamation Claims Are Time-Barred And Therefore Cannot Be Used To Bootstrap A Defamation Claim**

Conceding her Lewis I-related defamation claims are time-barred, Plaintiff now argues

they were only mentioned in her Complaint "as evidence of recklessness, malice, and intent."

(Docket #71, p. 30).  In reality, however, Plaintiff devoted an entire section and several pages of

her Complaint alleging Lewis defamed her in "His Lawsuit Against the Firm and Subsequent Press

Coverage."  (Fernandez Decl. Exh. A, ¶¶ 72-90).  This is a bootstrap argument for defamation

based upon a time-barred defamation claim which should not be considered.

**E. Plaintiff Is Not, And Was Not Identified As, A Member Of A Profession And Therefore Cannot Assert A Claim For Defamation *Per Se***

Defamation *per se* is an exception to the requirement that a plaintiff must prove special

harm when the statement "tends to injure another in his or her trade, business, or

profession." *Liberman v. Gelstein,* 80 N.Y.2d 429, 435 (1992).  But this exception is "limited to

defamation of a kind incompatible with the proper conduct of the business, trade, profession or

office itself. The statement must be made with reference to a matter of significance and importance

for that purpose, rather than a more general reflection upon the plaintiff's character or

qualities.'" *Liberman*, at 436.  In *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 487 (S.D.N.Y. 2013), a

8

legal secretary claimed negative emails between a firm partner and his wife questioning her work ethic and medical condition qualified as defamation *per se*.  The court granted defendants' motion to dismiss with prejudice, holding the statements "were directed at her character or general qualities, rather than her competence as an assistant" and therefore did not constitute defamation *per se*.  *See also Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,* 813 F.Supp.2d 489, 551 (S.D.N.Y.2011) (statements characterizing plaintiff as a "liar" not defamatory *per se* because the statements reflected personal characteristics rather than reflections of professional competence which did not fall within the "trade, business, or profession" exception).

First, the Lewis-Doe Defamation Complaint identifies "Jane Doe" only as a former employee of Pierce Bainbridge and a current employee of Hecht Partners LLP.  (Fernandez Decl. Exh. I, ¶ 2).  Second, there was no mention of her job title.  Third, Lewis's statements that Plaintiff made false allegations and was a "liar" reflected "personal characteristics rather than reflections of professional competence."  Therefore, these statements are not actionable.

Point III

**THIS COURT SHOULD TAKE JUDICIAL NOTICE OF ALL PLEADINGS FILED IN THE STATE COURT LITIGATION**

While referring to the state court litigation and incorporating extrinsic documents in her Complaints, Plaintiff specifically requests this Court ignore Lewis's "extrinsic documents" and "documents filed in other actions."   (Docket #71, p. 30).  However, Plaintiff and her counsel continue to monitor, reference and incorporate the state court actions in her Complaints and opposition papers, but of course cherry-pick only what serves their tortured theories.  For example, in a failed attempt to prop up their retaliation claims, the Amended Complaint copies language from "a recent filing in State Court" by nominal defendant Pierce Bainbridge which used the terms

"retaliatory" and "threatening" to characterize a Lewis November 2018 email to his former partners about his wrongful ouster.  (Fernandez Decl. Exh. A, ¶ 71 (emphasis supplied)).

However, this Court may properly, and should, take judicial notice of all these legal proceedings when considering the Lewis motion to dismiss.  *In Re Khatibi v. Weill*, 8 A.D.3d 485, 485, 778 N.Y.S.2d 511, 512 (2d Dept 2004) (on a motion to dismiss, the court "may take judicial notice of undisputed court records and files").

Point IV

**THE COMPLAINT CONTAINS CONTRADICTORY ALLEGATIONS WHICH SHOULD NOT BE ACCEPTED AS TRUE**

The Amended Complaint contains multiple inconsistencies which are not entitled to an assumption of truth on a motion to dismiss.  While claiming in conclusory terms that Lewis was her employer, she alleged in fact that Lewis "was going to be promoted to the position of Assigning Partner." (Fernandez Decl. Exh. A, ¶ 57 (emphasis supplied)).   It alleges employment-related retaliation but pleads the opposite: after reporting her claim, she received a promotion, praise and continued employment.  Similarly, the single cause of action for defamation *per se* alleges "economic harm" in the form of "lost income, benefits, job security opportunities for career advancement," (Fernandez Decl. Exh. A, ¶ 128) but the factual allegations again state the opposite. Thus, on a motion to dismiss, "'a court need not feel constrained to accept as truth conflicting pleadings . . . that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice.'" *Deronette v. City of New York*, No. 05-CV-5275, 2007 U.S. Dist. LEXIS 21766, 2007 WL 951925, at *2 (E.D.N.Y. Mar. 27, 2007) (quoting *In re Livent, Inc. Noteholders Sec. Litig*., 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001)).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order granting the Motion to Dismiss the Amended Complaint in its entirety.

Dated:  July 15, 2021

Respectfully submitted,

FERNANDEZ GARCIA, LLC

By:   _____
Juan C. Fernandez, Esq.

14 Elm Street
Morristown, NJ  07960
Telephone:     (973) 500-2256
Facsimile:      (973) 298-5737
Juan@FernandezGarciaLaw.com
Attorneys for Defendant Donald Lewis

11