UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

SELINA KYLE,                                           :      20-CV-6142 (KPF)
                                                       :
                              Plaintiff,               :      ANSWER, AFFIRMATIVE
                                                       :      DEFENSES AND CROSS-CLAIMS
              v.                                        :
                                                       :
DONALD D. LEWIS, in his individual and professional    :      Jury Trial Demanded
capacities, and PIERCE BAINBRIDGE BECK PRICE           :
& HECHT LLP,                                            :
                                                       :
                              Defendants.               :
                                                       :
----------------------------------------------------------------- x

     Defendant Donald Lewis through his attorneys by way of Answer to the Amended Complaint of Plaintiff states as follows:

## **PRELIMINARY STATEMENT**[1]

     1.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

     2.     Defendant Lewis admits he was a partner of Pierce Banbridge in 2018, but denies the remaining allegations set forth in paragraph 2.

     3.     Defendant Lewis admits he was in the office of Pierce Bainbridge on July 7, 2018, and that Kyle was in the office on July 7, 2018, but denies the remaining allegations set forth in paragraph 3.

     4.     Defendant Lewis denies the allegation set forth in paragraph 4.

     5.     Defendant Lewis denies the allegation set forth in paragraph 5.

---

[1] Defendant Lewis recites the headings of the Amended Complaint solely for ease of reference, and denies any allegation contained in those headings.

6.      Defendant Lewis denies that he was going to be promoted to a position in which he would be "supervising numerous women," including Kyle, was not informed by Pierce Bainbridge when Kyle falsely reported allegation of sexual harassment, denies that Pierce Bainbridge "launched an investigation," admits that he was placed on administrative leave under the pretext of Kyle's false allegations after whistleblowing of firm financial misconduct, admits he was improperly "terminated" when he emailed his partners informing them of the sham investigation of Kyle's false accusations, denies that Kyle's false claims were "substantiated" but on information and belief were reported as "inconclusive," and is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6.

7.      Defendant Lewis has maintained from the first report of Kyle's allegations that they were false and used by Defendant Pierce Bainbridge to discredit him and muzzle his whistleblowing of firm financial misconduct, and denies the remaining allegations contained in paragraph 7.

8.      Defendant Lewis maintained Kyle's anonymity in the litigation and denies the remaining allegations contained in paragraph 8.

9.      Defendant Lewis denies that Kyle was "personally named" in the lawsuits against Defendant Pierce Bainbridge and his former partners, denies that being named as a Jane Doe "discovery defendant" is an indignity, intrusive or retaliatory, denies that Kyle was "drawn into the legal battle" between Pierce Bainbridge and Lewis, denies that he disclosed Kyle's identity in public pleadings and motions, denies that Kyle unsuccessfully "attempted to extricate herself" from the lawsuits but instead affirmatively and improperly interceded in those lawsuits, and denies the remaining allegations contained in paragraph 9..

10.     Defendant Lewis denies that he was responsible for "harassment, assault, retaliation and tortious conduct" of Kyle, denies that Kyle has suffered from lodging false allegations against Defendant Lewis, and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

## NATURE OF THE CLAIMS

11.     The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 11.

## ADMINISTRATIVE PREREQUISITES

12.     The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 12.

13.     The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 13.

## JURISDICTION AND VENUE

14.     The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 14.

15.     The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 15.

## PARTIES

16.     The allegation that Plaintiff "met the definition of an 'employee'" is a legal conclusion to which no response is required; to the extent a response is required, Defendant Lewis denies that allegation.  Defendant Lewis is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17.     Defendant Lewis admits he was a Partner at Pierce Bainbridge in 2018 and is a resident of New York, but denies the remaining allegations contained in paragraph 17.

18.     This paragraph contains allegations that are not directed to Defendant Lewis and legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

A.     Ms. Kyle[] Begins Work at Pierce Bainbridge

19.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Defendant Lewis denies that he "paid particular attention to [Ms. Kyle's] work, denies "pulling [Ms. Kyle] onto multiple assignments," and admits the remaining allegations contained in paragraph 21.

B.     Ms. Kyle Is Sexually Harassed and Assaulted by Mr. Lewis

22.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     Defendant Lewis admits he worked in the office on July 7, 2018 and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26.     Defendant Lewis admits the allegations contained in paragraph 26.

27.     Defendant Lewis denies the allegations contained in paragraph 27.

28.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Defendant Lewis denies the allegations contained in paragraph 29.

30.     Defendant Lewis denies the allegations contained in paragraph 30.

31.     Defendant Lewis denies the allegations contained in paragraph 31.

32.     Defendant Lewis denies the allegations contained in paragraph 32.

33.     Defendant Lewis denies the allegations contained in paragraph 33.

34.     Defendant Lewis denies the allegations contained in paragraph 34.

35.     Defendant Lewis denies the allegations contained in paragraph 35.

36.     Defendant Lewis denies the allegations contained in paragraph 36.

C.     <u>Mr. Lewis Retaliates Against and Tries to Undermine Ms. Kyle at the Firm</u>

37.     Defendant Lewis denies the allegations contained in paragraph 37.

38.     Defendant Lewis denies the "assault," admits he gave Kyle assignments, and denies the remaining allegations contained in paragraph 38.

39.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     Defendant Lewis denies the allegations contained in paragraph 41.

42.     Defendant Lewis denies the allegations contained in paragraph 42.

43.     Defendant Lewis admits that from the beginning of his tenure at the firm he was in the office infrequently and denies the remaining allegations contained in paragraph 43.

44.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.     Defendant Lewis admits that on July 20, 2018, Kyle reached out to him on her own initiative and offered to deliver the firm's baseball game tickets Ms. Beck had given him, admits that Ms. Kyle asked for his address and apartment floor, and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45.

46.     Defendant Lewis admits the allegations contained in paragraph 46.

47.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.     Defendant Lewis admits the allegations contained in paragraph 48.

D.      Mr. Lewis's Inappropriate, Offensive Conduct and Intimidation Tactics

49.      Defendant Lewis denies the allegations contained in paragraph 49.

50.     Defendant Lewis admits that he was never reprimanded for his Slack communications, admits he was appointed Co-chair of the firm's Social Diversity and Inclusion Committee, and denies the remaining allegations contained in paragraph 50.

51.     Defendant Lewis admits that he made the quoted Slack message and denies the remaining allegations contained in paragraph 51.

52.     Defendant Lewis admits that he made the quoted Slack message and is without information sufficient to determine the truth of the remaining allegations contained in paragraph 52.

53.     Defendant Lewis denies the allegations contained in paragraph 53.

54.     Defendant Lewis admits that he made the quoted Slack message and denies the remaining allegations contained in paragraph 54.

55.     Defendant Lewis admits the allegations contained in paragraph 55.

56.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations about Ms. Kyle's feelings, and denies the remaining allegations contained in paragraph 56.

E.      Ms. Kyle Reports the July 2018 Assault and Incident

57.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58.     Defendant Lewis admits as Assigning Partner he would have had supervisory authority over attorneys, denies that he would have had supervisory authority over Ms. Kyle and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58.

59.     Defendant Lewis denies there was a "July 7, 2018 incident," admits that in October 2018 there were more female attorneys hired at Pierce Bainbridge, and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59.

60.     Defendant Lewis denies the allegations contained in paragraph 60.

61.     Defendant Lewis denies there was a "July 7, 2018 incident," and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61.

62.     Defendant Lewis denies there was a "July 7, 2018 incident," and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62.

63.     Defendant Lewis denies he sexually harassed or assaulted Ms. Kyle, denies that he threatened Ms. Kyle, and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63.

64.     Defendant Lewis denies that Ms. Kyle's complaint to Ms. Beck was "protected," and is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.     Defendant Lewis denies he assaulted Ms. Kyle, and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63.

67.     Defendant Lewis is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67.

68.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71.     Defendant Lewis denies the allegations contained in paragraph 71 and states that on November 8, 2018, he emailed his Pierce Bainbridge partners to catalog the retaliatory acts of the firm.

1.     Mr. Lewis Defames Ms. Kyle in His Lawsuit Against the Firm and Subsequent Press Coverage

72.     Defendant Lewis admits the allegations contained in paragraph 72.

73.     Defendant Lewis denies there was a "July 7, 2018 incident" and admits the allegations contained in paragraph 73.

74.     Defendant Lewis admits he was maintained Ms. Kyle's privacy and denies the remaining allegations of paragraph 74.

75.     Defendant Lewis admits the allegations contained in paragraph 75.

76.     Defendant admits that Ms. Kyle "was accused of 'lying' by more than one firm personnel in connection with excuses made about not completing the assignments she disliked, including two individuals who did so on October 3, the day before the False Allegations," admits that his Complaint stated there was a "plethora of negative feedback about Doe at the firm,"  and denies the remaining allegations contained in paragraph 76.

77.     Defendant Lewis denies that his statements, and the statements made by other attorneys, about Ms. Kyle were false, and is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.    Defendant Lewis denies that Ms. Kyle was a "sexual assault victim," denies that "he made several false and misleading categorizations in his naming of exhibits to his Amended Complaint," and admits that he filed an Amended Complaint.

80.    Defendant Lewis admits  that Exhibit 6 to his Amended Complaint is labeled "False Accuser Inappropriate E-mail to Former Employer of Lewis," and denies the remaining allegations contained in paragraph 80.

81.    Defendant Lewis denies the allegations contained in paragraph 81.

82.    Defendant Lewis admits the allegations contained in paragraph 82.

83.    Defendant Lewis denies that he used information about Ms. Kyle's name change "to threaten and pressure" her, and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83.

84.    Defendant Lewis denies the allegations contained in paragraph 84.

85.    Defendant Lewis admits the statements in the Law360 article dated June 9, 2020, and denies the remaining allegations contained in paragraph 85.

86.    As to the first bullet point of this paragraph, Defendant Lewis states that he cannot answer it as pled because it does not contain the full quote from the NBC News which is as follows:

> "I blew the whistle on financial misconduct, and Pierce Bainbridge immediately set out to destroy my life," he said. "The firm exploited false allegations, by a staffer attempting to save her job, to defame me nationwide and discredit my truthful allegations, which the firm has said: 'if true, would amount to criminal activity.'"

As to the second bullet point of this paragraph, Defendant Lewis states that he cannot answer it as pled because it does not contain the full quote from the *New York Law Journal* article which was lifted verbatim from the Lewis Declaration in support of his motion for sanctions in the Los Angeles action:

24. Putney's own counsel has hinted that the report does not say what PB claims it says. This is consistent with LaVigne's comments to me that the Putney report is inconclusive and that nobody at the firm believes the False Accuser.

As to the third bullet point of this paragraph, Defendant Lewis states that he cannot answer it as pled because it does not contain the complete quote from the Lewis I Complaint as follows:

5. Notwithstanding his enormous contributions, on October 12th, 2018, without any discussion or warning, Plaintiff was placed on immediate leave via email from Pierce and Beck. The purported basis was demonstrably false allegations by a junior level employee who was used as a pawn by Pierce and Beck and, whose allegations, appear to have been altered after they were allegedly reported in an ill-fated effort to give the lies credibility (the "False Allegations").[Footnote omitted].

Defendant Lewis denies the remaining allegations contained in paragraph 86.

87.     Defendant Lewis denies that Ms. Kyle is a victim, admits that he did not describe Kyle's ethnicity, admits that he has given interviews, and denies the remaining allegations contained in paragraph 87.

88.     Defendant Lewis admits the allegations contained in paragraph 88.

89.     Defendant Lewis denies the allegations contained in paragraph 89.

90.     Defendant Lewis admits the content of his June 9, 2020 Twitter account, and denies the remaining allegations contained in paragraph 90.

2.     Mr. Lewis Filed a Retaliatory Lawsuit Against Ms. Kyle

91.     Defendant Lewis admits that on January 27, 2020 he filed a lawsuit against Ms. Kyle, and denies the remaining allegations contained in paragraph 91.

92.     Defendant Lewis admits he asserted claims against Ms. Kyle for making false accusations of sexual harassment and assault, admits Ms. Kyle is a false accuser, and denies the allegations contained in paragraph 92.

93.     Defendant Lewis denies that the "January 27, 2020 complaint is shot through with baseless accusations and vague, bellicose character assassination that is presented without any

factual support." The remaining allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 93.

94.    Defendant Lewis admits that his Complaint alleges "it appears Jane Doe, incorrectly believing the statute of limitations for defamation had lapsed, came forward with an entirely new and independent defamatory publication to demonize Lewis, attempt to give credence to her own falsehoods and help out her employer Pierce Bainbridge,"  and denies the remaining allegations contained in paragraph 94.

95.    Defendant Lewis denies the allegations contained in paragraph 95.

96.    Defendant Lewis denies the allegations contained in paragraph 96.

97.    Defendant Lewis denies the allegations contained in paragraph 97.

98.    Defendant Lewis admits the allegations contained in paragraph 98.

99.    Defendant Lewis admits the allegations contained in paragraph 99.

100.    Defendant Lewis admits the allegations contained in paragraph 100, admits that he has referred to Ms. Kyle as "Jane Doe" in his court pleadings, and denies the remaining allegations contained in paragraph 100.

101.    Defendant Lewis denies that the allegations of his lawsuit against Ms. Kyle are frivolous and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 101.

3.    Pierce Bainbridge Is Strictly Liable for the Unlawful Actions of Mr. Lewis, a Partner, While He Was Employed There

102.    Defendant Lewis denies that "Ms. Kyle was subjected to inexcusable abuse at the hands of Mr. Lewis,"  states that the remaining allegations set forth in this paragraph allege

conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 103.

103.    The allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 103.

104.    Defendant Lewis admits he was a Partner at Pierce Bainbridge, denies that he was Ms. Kyle's supervisor, denies engaging in a "whisper campaign against her," denies that he sexually assaulted Ms. Kyle, and states that the remaining allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 104.

I.      Donald Lewis Was Ms. Kyle's Supervisor

105.    Defendant Lewis admits he was a Partner of the firm, denies that he had "significant decision-making and managerial authority," states that the remaining allegations set forth in this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 105.

106.    Defendant Lewis admits the allegations contained in paragraph 106.

107.    Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.    Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.    Defendant Lewis admits he was a Partner and senior attorney, admits he gave work assignments to employees of Pierce Bainbridge, admits he requested support on cases, and denies the remaining allegations contained in paragraph 109.

110.   Defendant Lewis  admits the allegations contained in paragraph 110.

111.    Defendant Lewis  admits the allegations contained in paragraph 111.

112.    Defendant Lewis  admits the allegations contained in paragraph 112.

113.   Defendant Lewis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114.   Defendant Lewis admits he spoke to other Pierce Bainbridge Partners about Ms. Kyle's job performance and is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 114.

115.   Defendant Lewis admits he was a member of the firm's Recruiting Committee, admits in the fall of 2018 he referred Adam Ludemann to the firm as a potential hire, admits he was involved in the hiring of attorney Patrick Bradford, and denies the remaining allegations contained in paragraph 115.

116.   Defendant Lewis admits that he, along with numerous other partners, "lobbied to terminate the employment of a high-ranking employee at the Firm," and denies the remaining allegations contained in paragraph 116.

<u>AS TO THE FIRST CAUSE OF ACTION</u>

117.   Defendant Lewis repeats his responses to the prior allegations of the preceding paragraphs.

118.   Defendant Lewis denies the allegations contained in paragraph 118.  Alternatively, Defendant Lewis states the allegations set forth in this paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 118.

119.     Defendant Lewis denies the allegations contained in paragraph 119.  Alternatively, Defendant Lewis states the allegations set forth in this paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 119.

120.     Defendant Lewis denies the allegations contained in paragraph 119.  Alternatively, Defendant Lewis states the allegations set forth in this paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 120.

121.     Defendant Lewis denies the allegations contained in paragraph 119.  Alternatively, Defendant Lewis states the allegations set forth in this paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant Lewis denies the allegations contained in paragraph 121.

## AS TO THE SECOND CAUSE OF ACTION

122.     Defendant Lewis repeats his responses to the prior allegations of the preceding paragraphs.

123.     Defendant Lewis denies the allegations contained in paragraph 123.

124.     Defendant Lewis denies the allegations contained in paragraph 124.

## AS TO THE THIRD CAUSE OF ACTION

125.     Defendant Lewis repeats his responses to the prior allegations of the preceding paragraphs.

126.     Defendant Lewis denies the allegations contained in paragraph 126.

127.     Defendant Lewis denies the allegations contained in paragraph 127.

128.     Defendant Lewis denies the allegations contained in paragraph 128.

129.    Defendant Lewis denies the allegations contained in paragraph 129.

AS TO THE FOURTH CAUSE OF ACTION

130.    Defendant Lewis repeats his responses to the prior allegations of the preceding paragraphs.

131.    Defendant Lewis denies the allegations contained in paragraph 131.

132.    Defendant Lewis denies the allegations contained in paragraph 132.

133.    Defendant Lewis denies the allegations contained in paragraph 133.

134.    Defendant Lewis denies the allegations contained in paragraph 134.

AS TO THE FIFTH CAUSE OF ACTION

135.    Defendant Lewis repeats his responses to the prior allegations of the preceding paragraphs.

136.    Defendant Lewis denies the allegations contained in paragraph 136.

137.    Defendant Lewis denies the allegations contained in paragraph 137.

138.    Defendant Lewis denies the allegations contained in paragraph 138.

AS TO THE SIXTH CAUSE OF ACTION

139.    Defendant Lewis repeats his responses to the prior allegations of the preceding paragraphs.

140.    Defendant Lewis denies the allegations contained in paragraph 140.

141.    Defendant Lewis denies the allegations contained in paragraph 141.

142.    Defendant Lewis denies the allegations contained in paragraph 142.

143.    Defendant Lewis denies the allegations contained in paragraph 143.

<u>AS TO THE SEVENTH CAUSE OF ACTION</u>

144.    Defendant Lewis repeats his responses to the prior allegations of the preceding paragraphs.

145.    Defendant Lewis denies the allegations contained in paragraph 145.

146.    Defendant Lewis denies the allegations contained in paragraph 146.

147.    Defendant Lewis denies the allegations contained in paragraph 147.

148.    Defendant Lewis denies the allegations contained in paragraph 148.

149.    Defendant Lewis denies the allegations contained in paragraph 149.

150.    Defendant Lewis denies the allegations contained in paragraph 150.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's claims are barred by the applicable statutes of limitations.

2.    The Complaint fails to set forth a cause of action for which relief may be granted.

3.    Plaintiff is estopped or otherwise equitably barred from recovery in this case based on the doctrines of unclean hands, waiver, laches and/or other equitable principles.

4.    Plaintiff's claims are barred, in whole or in part, to the extent that she failed to mitigate, minimize or avoid any damage, if any, she allegedly sustained.

5.    Plaintiff failed to preserve, and permitted the spoliation of, material evidence, and Defendant Lewis reserves his right to assert a claim on those grounds.

6.    Defendant Lewis denies the existence of any duty to any other party to this action and further, should any duty be found to exist, denies violating same.

7.    The claims are barred by Plaintiff's failure to exhaust administrative remedies.

8.    The conduct of Defendant Lewis was not the proximate cause of any other party's damages, if any.

9.      Plaintiff has sustained no damages, no financial loss, or other injury.

10.     Any loss or injuries sustained by Plaintiff are the result of her own conduct.

11.     Plaintiff is not entitled to the damages claimed including punitive damages.

12.     Defendant Lewis asserts the absolute defense of truth to Plaintiff's defamation claims.

13.     The defamation claims are barred by the fair report privilege.

14.     The defamation claims are barred by the opinion and fair comment privileges.

15.     The defamation claims are barred by the substantial truth defense.

16.     The alleged harassing conduct did not rise above the level of what a reasonable victim of discrimination with the same protected characteristic or characteristics would consider petty slights or trivial inconveniences.

17.     Plaintiff's claims under the New York State and City Human Rights Laws are barred because she has failed to demonstrate that the alleged harassment subjected her to inferior terms, conditions or privileges of employment because of her membership in a protected class.

18.     Plaintiff's claims are barred because they are based upon false allegations.

19.     Plaintiff's claims are barred because she has pursued this litigation in bad faith and for an improper purpose.

## DEFENDANT LEWIS'S CROSSS-CLAIMS AGAINST
## DEFENDANT PIERCE BAINBRIDGE

Defendant Lewis cross-claims against co-defendant Pierce Bainbridge pursuant to Fed. R.

Civ. P. 13(g).

## FIRST CROSS-CLAIM

(Defense And Indemnification Under California Labor Code Section 2802)

1.      Pierce Bainbridge was founded in 2017 as a California limited liability partnership.

2.      Co-defendant Pierce Bainbridge asserted in this action (the "Kyle Action") that

Lewis was an at will employee:

> Admitted, except to the extent the allegations suggest Mr. Lewis was any sort of "equity" partner. He was not. Mr. Lewis was a W-2 employee terminable at will who simply had the title of non-equity "partner" to assist in business development efforts (none of which succeeded).

 (Answer to Complaint, ¶ 17).

3.      Co-defendant Pierce Bainbridge asserted in its cross-claim filed in the Kyle Action

that Lewis was an at will employee:  "PB hired Lewis as an at-will partner on June 17, 2018."

(Cross-claim, ¶ 2).

4.      California Labor Code Section 2802 provides:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

5.      Pierce Bainbridge is required under California Labor Code Section 2802 to defend

and indemnify Lewis, who the firm has asserted is a "W-2 employee terminable at will" and/or an

"at-will partner," for all losses incurred which are incidental to Lewis's employment, which includes the defense of the Kyle Action.

6.      The Kyle Action alleges that Defendant Lewis sexually harassed and assaulted her in July 2018.

7.      Defense of an employee's claims of alleged sexual harassment is incidental to employment, triggering Pierce Bainbridge's obligation of defense and indemnification under California Labor Code Section 2802.

8.      The Complaint also articulates a false accusation of sexual harassment following Lewis "complaining openly about [Ms. Kyle's] work."  (Complaint, ¶¶ C, 37-42).

9.      The risk that one worker may accuse another of sexual harassment to deflect an adverse performance review is a risk inherent in employment, and therefore also triggers the protection of California Labor Code Section 2802 and Pierce Bainbridge's obligation of defense and indemnification of the Kyle Action.

**WHEREFORE**, Defendant Lewis demands judgment for defense and indemnification pursuant to California Labor Code Section 2802 against co-defendant Pierce Bainbridge, together with attorneys' fees, interest, costs of suit, and all other relief the court deems just.

## SECOND CROSS-CLAIM

(Common Law Indemnification)

1.      Defendant Lewis denies liability for Plaintiff's alleged damages, if any.

2.      Defendant Lewis asserts that Plaintiff's alleged damages arose through the direct and primary negligence or liability of co-defendant(s).

3.      If Plaintiff should recover from Defendant Lewis then said defendant seeks indemnification for any and all amounts that he may have to pay.

**WHEREFORE**, Defendant Lewis demands judgment for common-law indemnification against all parties herein for the entire amount of damages assessed against this defendant, together with attorneys' fees, interest, costs of suit, and all other relief the court deems just.

### THIRD CROSS-CLAIM

(Contribution)

1.      Defendant Lewis denies liability for Plaintiff's alleged damages, if any, and asserts that Plaintiff's alleged damages arose through the direct and primary negligence or liability of co-defendant(s).

2.      If Plaintiff should recover from Defendant Lewis then said defendant seeks contribution, on a proportionate basis, towards any and all amounts said defendant may have to pay.

**WHEREFORE**, Defendant Lewis demands judgment for contribution against all parties herein, together with attorneys' fees, interest, costs of suit, and all other relief the court deems just.

Dated:  December 24, 2021

Respectfully submitted,

FERNANDEZ GARCIA, LLC

s/ Juan C. Fernandez
Juan C. Fernandez, Esq.

10 Pine Street
Suite 102
Morristown, NJ  07960
Telephone:      (973) 500-2256
Facsimile:      (973) 298-5737
juan@fernandezgarcialaw.com
Attorneys for Defendant Donald Lewis