**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SELINA KYLE,

                       Plaintiff,

v.

DONALD D. LEWIS, in his individual and
professional capacities, and PIERCE
BAINBRIDGE BECK PRICE & HECHT
LLP,

                       Defendants.

---

Docket No.: 1:20-cv-06142 (KPF)

**ANSWER TO CROSS-CLAIMS**

---

## ANSWER TO CROSS-CLAIMS

       Defendant Pierce Bainbridge LLP f/k/a Pierce Bainbridge Beck Price & Hecht LLP

("PB" or the "Firm"), by and through its undersigned counsel, pleads as and for its answer to

Defendant Donald Lewis' Cross-Claims against it as follows:

### FIRST CROSS-CLAIM
#### (Defense And Indemnification Under California Labor Code Section 2802)

    1.     Admit.

    2.     Denied; the quotation stated in the allegation in paragraph 2 is to PB's Answer to

Plaintiff's original Complaint.  The Answer to the original Complaint was superseded when PB

filed its Answer, Affirmative Defenses and Cross-Claim on June 4, 2021 [Dkt. No. 64] in

response to Plaintiff's Amended Complaint.  Paragraph 17 of the Amended Answer states that

"PB admits that Defendant Donald Lewis held the title of partner at PB in 2018 and supervised

plaintiff's employment.  PB denies knowledge and information sufficient to form a belief as to

Lewis' residency or domicile.  The allegation concerning the definition of 'employer' states a

1

legal conclusion to which no response is required; to the extent a response is required, the allegation is denied."

3.      PB admits that the portion of the allegation in paragraph 3 of the First Cross-Claim that is set-off by quotation marks accurately quotes paragraph 2 of PB's Cross-Claim against Lewis, but denies the remainder of the allegations set forth in paragraph 3.

4.      The allegations stated in paragraph 4 of the First Cross-Claim purport to state a legal proposition under California Labor Code Section 2802 to which no responsive pleading is required; to the extent a responsive pleading is required, PB denies knowledge and information sufficient to form a believe as to the truth of the allegations.

5.      The allegations stated in paragraph 5 of the First Cross-Claim state conclusions of law to which no responsive pleading is required; to the extent a responsive pleading is required, the allegations are denied.

6.      Admit.

7.      The allegations stated in paragraph 7 of the First Cross-Claim state conclusions of law to which no responsive pleading is required; to the extent a responsive pleading is required, the allegations are denied.

8.      With respect to the allegations set forth in paragraph 8 of the First Cross-Claim, to the extent that they refer to the Complaint, the Complaint has been superseded by the Amended Complaint and both the Complaint and the Amended Complaint speak for themselves.  To the extent a responsive pleading is required, PB denies knowledge and information sufficient to form a belief as tot the truth of the matters asserted.

9.      The allegations stated in paragraph 9 of the First Cross-Claim state conclusions of law to which no responsive pleading is required; to the extent a responsive pleading is required,

the allegations are denied.

## SECOND CROSS-CLAIM
### (Common Law Indemnification)

1.      PB lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Second Cross-Claim.

2.      The allegations stated in paragraph 2 of the Second Cross-Claim state conclusions of law to which no responsive pleading is required; to the extent a responsive pleading is required, the allegations are denied.

3.      The allegations stated in paragraph 3 of the Second Cross-Claim state conclusions of law to which no responsive pleading is required; to the extent a responsive pleading is required, the allegations are denied.

## THIRD CROSS-CLAIM
### (Contribution)

1.      The allegations stated in paragraph 1 of the Third Cross-Claim state conclusions of law to which no responsive pleading is required; to the extent a responsive pleading is required, the allegations are denied.

2.      The allegations stated in paragraph 2 of the Third Cross-Claim state conclusions of law to which no responsive pleading is required; to the extent a responsive pleading is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

1.      California Labor Code Section 2802 is not applicable in this action because Lewis is not a current employee of PB and this action was commenced after Lewis was terminated by PB because of his "1. Flagrant violation of the terms of [his] administrative leave; 2. Obstruction of an ongoing sexual harassment and retaliation investigation; 3.  Improper disclosure of confidential information related to the investigation; and 4.  Retaliation against Ms. Selina Kyle and other

employees at the firm for their participation in the investigation."  (*See* PB Cross-Claim Against Lewis ¶ 3).

2.      California Labor Code Section 2802 is not applicable in this action because any losses incurred by Lewis are not a consequence, direct or otherwise, of Lewis' discharge of his duties to or obedience to directions by PB.

3.      California Labor Code Section 2802 is not applicable in this action because Lewis, at the time of the alleged sexual assault of Selina Kyle knew or should have known that his conduct with respect to Plaintiff was unlawful.

4.      California Labor Code Section 2802 is not applicable because it has no extraterritorial effect and does not apply to a former employee who is and was a resident of New York.

5.      Lewis' Cross-Claims must be denied in whole or in part because any damages that Lewis may suffer or incur are the result of his own intentional, knowing, or reckless misconduct.

6.      Lewis' Cross-Claims must be denied in whole or in part because any damages that Lewis may suffer or incur are the result of a frolic rather than the performance of his duties to his former employer.

7.      Lewis' Cross-Claims must be denied in whole or in part because any damages that Lewis may suffer or incur are the result of a detour rather than the performance of his duties to his former employer.

8.      Lewis' Cross-Claims must be denied in whole or in part because any all damages that Lewis may suffer or incur are the result of his own grossly negligent or negligent conduct.

9.      Lewis' Cross-Claims for common law indemnification or contribution must be denied in whole or in part because he is not a current employee and this action was commenced after Lewis was terminated by PB for his "1. Flagrant violation of the terms of [his] administrative leave; 2. Obstruction of an ongoing sexual harassment and retaliation investigation; 3.  Improper disclosure of confidential information related to the investigation; and 4.  Retaliation against Ms. Selina Kyle

4

and other employees at the firm for their participation in the investigation." (*See* PB Cross-Claim Against Lewis ¶ 3).

10.   To the extent Lewis is determined, in whole or part, to be entitled to recover any money from PB by virtue of the operation of California Labor Code Section 2802 or under common law indemnification or contribution, PB is entitled to set off against any such sum the amount Lewis owes to PB for its costs and fees, including its reasonable attorneys' fees, in connection with having to defend this action; PB incorporates by references as if fully set forth herein its Cross-Claim against Lewis set forth in its Answer, Affirmative Defenses, and Cross-Claim to the Amended Complaint at ¶¶ 1-24.

11.   To the extent Lewis is determined, in whole or part, to be entitled to any money from PB by virtue of the operation of California Labor Code Section 2802 or under common law indemnification or contribution, PB is entitled to recoup any such sum the amount Lewis owes to PB for its costs and fees, including its reasonable attorneys' fees, in connection with having to defend this action.  PB incorporates by references as if fully set forth herein its Cross-Claim against Lewis set forth in its Answer, Affirmative Defenses, and Cross-Claim to the Amended Complaint at ¶¶ 1-24.

12.   Lewis' Cross-Claims must be denied in whole or in part because they are against public policy.

13.   Lewis' Cross-Claims must be denied in whole or in part because Lewis has failed to post a bond or other security.

14.   Lewis' Cross-Claims must be denied in whole or in part under the doctrine of waiver.

15.   Lewis' Cross-Claims must be denied in whole or in part under the doctrine of estoppel.

16.   Lewis' Cross-Claims must be denied in whole or in part under the doctrine of equitable estoppel.

17.     Lewis' Cross-Claims must be denied in whole or in part under the doctrine of laches.

18.     Lewis' Cross-Claims must be denied in whole or in part under the applicable statute of limitations.

Dated: June 30, 2022

Respectfully submitted,


/s/ Edward D. Altabet
Edward D. Altabet, Esq.
COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC
55 Broadway, Suite 901
212.871.7400
ealtabet@cohenseglias.com

*Attorneys for Defendant Pierce Bainbridge LLP*

6